RUFUS B. HOLDEN *vs.* JAMES W. JENKINS & others.

Worcester. October 2. — 21, 1878. AMES & SOULE, JJ., absent.

The St. of 1877, *c.* 163, providing that "any signature to a written instrument declared on or set forth as a cause of action," shall be taken as admitted unless its genuineness is specially denied, does not apply to the signature of a witness to an attested promissory note, required by the Gen. Sts. *c.* 155, § 4, to take the note out of the statute of limitations.

CONTRACT against the defendants as copartners under the firm name of the Barre Boot Company, upon the following

447

promissory note: "Barre, June 26th, 1857. $935. For value received the Barre Boot Company promise to pay to the order of Rufus B. Holden nine hundred thirty-five dollars on demand with interest annually.

"Witness,                          · James Miller, Treas.
"Nathan Woods."                      for Barre Boot Co.

Writ dated June 23, 1877. Answer: 1. A general denial; 2. The statute of limitations.

At the trial in the Superior Court, before *Bacon*, J., without a jury, the plaintiff produced in evidence the note declared upon, and contended that, under the pleadings, the signatures of the maker and attesting witness were admitted; and that he was not obliged to offer any further evidence in proof of the signature or of the attestation of the note; but the judge ruled that the omission of the defendants to file a special denial of the genuineness of the signature to the note, under the St. of 1877, c. 163,* was an admission of the maker's signature only; that it was still incumbent upon the plaintiff to prove the signature of the attesting witness; required the plaintiff to offer such proof; and allowed the defendants, against the plaintiff's objection, to introduce evidence tending to show that the signature of the attesting witness, who was deceased, was not in his handwriting, but that the same had been fraudulently written upon the note since its delivery. The judge found that the signature of the witness was not genuine; and ordered judgment for the defendants. The plaintiff alleged exceptions.

*H. C. Hartwell*, for the plaintiff.

*W. & B. Hopkins*, for the defendants.

MORTON, J. The signature intended by the St. of 1877, c. 163, is the signature of the party sought to be charged thereby, which creates against such party a cause of action or a ground of defence. The signature of an attesting witness to a promissory note does not, properly speaking, form part of the cause of ac-

---

* "Any signature to a written instrument declared on or set forth as a cause of action or ground of defence or set-off, in an action at law, shall be taken as admitted, unless the party sought to be charged thereby shall file in court, within the time allowed for answer, a special denial of the genuineness of such signature, and a demand that the party relying thereon shall prove the same at the trial." [April 26, 1877.]

tion against the maker. The attestation changes the character of the contract by annexing to it the incident that an action on it will not be barred until the lapse of twenty years. Gen. Sts. *c.* 155, § 4. It has somewhat the same effect as a seal, giving to the note in some respects the character of a specialty. Suppose a plaintiff to declare on an instrument, alleging it to be under seal, and the defendant to file an answer denying each and every allegation of the declaration, and setting up the statute of limitations. Would the defendant's failure to file a special denial of the genuineness of his signature preclude him from showing that the instrument declared on, and, in fact, signed by him, was not under seal when he signed it, but that a seal had been fraudulently put upon it since, to avoid the bar of the statute of limitations? This would be to hold that the admission implied by the statute was an admission, not only of the genuineness of the signature, but also that he made the contract as the plaintiff has set it out. This would be going further than the language or purpose of the statute would justify.

The design of the statute was to save the party who relies upon a written instrument the trouble and expense of proving the signature, unless the adverse party, whose signature it is, will take the responsibility of a special denial of its genuineness, this being a fact especially within his personal knowledge.

The language of the statute implies that the signature intended is the signature of the party whose duty it is to file the denial. The signature of an attesting witness is not of this character. The fact of attestation, like a seal or a partial payment, extends the time of limitation, but does not, properly speaking, charge the maker with any liability. If the signature to the note is denied, it is necessary to call the attesting witness, because he is the witness selected by the parties. If it is admitted, the attestation is immaterial, and need not be proved unless the maker pleads the statute of limitations; then it is necessary to prove it, not to establish the cause of action, but by way of replication to the plea of the statute of limitations.

Under the system of special pleading, the course of pleading was, that the plaintiff declared on the note according to its tenor, the defendant pleaded *non assumpsit infra sex annos*, and the plaintiff replied that the note was signed in the presence of

an attesting witness, upon which allegation issue was joined. *Faulkner* v. *Jones*, 16 Mass. 290. *Smith* v. *Dunham*, 8 Pick. 246.

The admission of the genuineness of the defendant's signature, implied by the statute, might relieve the plaintiff of the necessity of calling the subscribing witness merely for the purpose of proving the signature; but we are of opinion that it does not relieve the plaintiff of the burden of proving, in reply to the plea of the statute of limitations, the material fact that the defendant signed the note in the presence of an attesting witness. The ruling of the Superior Court, being to this effect, was correct. *Exceptions overruled.*