SADIE W. BRYANT (by amendment) *vs.* ABINGTON SAVINGS
BANK, MAURICE KANE, administrator, claimant.

SAME *vs.* WHITMAN SAVINGS BANK.

SAME *vs.* ROCKLAND SAVINGS BANK.

Plymouth.    June 18, 1907. — September 4, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Pleading, Civil,* Answer, Declaration.   *Evidence,* To contest genuineness of signature,
Admissions and confessions.   *Forgery.   Savings Bank.   Assignment.*

The provision of R. L. c. 173, § 86, that " a signature to a written instrument which
is declared on or set forth as a cause of action . . . shall be taken to be admitted
unless the party sought to be charged thereby files in court . . . a special de-
nial of the genuineness thereof and a demand that it shall be proved at the trial,"
does not apply to an action of contract against a savings bank for the amount
of a deposit, which was made by one who afterwards died intestate and is claimed
by the plaintiff as his assignee, where the declaration alleges that the intestate
"during his lifetime assigned and delivered to her . . . said book and the sums
therein stated as deposited and all other sums therein stated of accumulated
interest and dividends," and where the administrator of the estate of the intes-
tate appears as a claimant, and files an answer denying that the intestate as-
signed or delivered the bank book to the plaintiff and avers that, should it appear
that the intestate signed any transfer or assignment of the deposit to the plain-
tiff, he had not sufficient mental capacity to execute it and it was procured by
fraud and undue influence, and if in the trial of such an action the plaintiff, in
support of the alleged assignment to her, introduces in evidence an instrument
in writing purporting to be an assignment signed by the intestate, the claimant
may show that the alleged signature is a forgery.   Whether in such a case the
administrator appearing as claimant is " the party sought to be charged " within
the meaning of the statute here was not considered, as there was nothing in
the declaration showing that a written assignment was relied on, and the admin-
istrator was not required to admit or deny the signature to such an instrument.

A deposit in a savings bank may be transferred by a delivery of the book without
an assignment in writing.

In an action of contract against a savings bank for the amount of a deposit, which
was made by one who afterwards died intestate and is claimed by the plaintiff as
his assignee, where the administator of the estate of the intestate appears as a
claimant, if the administrator in his answer, after denying that the assignment
was made, avers that, if it should appear that the intestate signed any transfer
or assignment of the deposit to the plaintiff, he had not sufficient mental capacity
to execute it and that it was procured by fraud and undue influence, this is not
an admission that the intestate signed an instrument of assignment and does not
preclude the administrator from contesting the genuineness of the signature of
an instrument in writing put in evidence by the plaintiff purporting to be an as-
signment signed by the intestate.

MORTON, J.   On the pleadings as amended the controversy became one between Sadie W. Bryant, for whose benefit the action originally was brought in the name of the administrator, and the administrator ; — the writ and declaration being amended by making her the plaintiff, and the administrator appearing as claimant.   The savings banks disclaim any interest in the funds and are ready to pay them over to whomsoever the court shall decide is entitled to them.   The amended declaration alleged in each case, so far as material, "that said John Bannican (the intestate) during his lifetime assigned and delivered to her, the said Sadie W. Bryant, said book and the sums therein stated as deposited and all other sums therein stated of accumulated interest and dividends," and that the bank owed her the same.   The answer of the administrator, which was the same in each case, contained a general denial except that it was alleged, that a deposit was made in the bank in the name of said John Bannican, which was admitted, and that it was specifically denied that said Bannican assigned or delivered said bank book to said Sadie W. Bryant during his lifetime, and was averred that, if it should appear that said Bannican signed any transfer or assignment of said deposit to said Sadie W. Bryant, he had not sufficient mental capacity to execute the same, and that it was procured by fraud and undue influence.   The plaintiff joined issue on the answer.

At the trial the plaintiff relied on what purported to be written assignments of the deposits from Bannican to her.   The administrator offered to show that the signatures were forgeries.   The judge excluded the evidence under R. L. c. 173, § 86, and instructed the jury in substance that the genuineness of the signatures could not be attacked for want of a specific denial of them in the answers, and of a demand requiring the plaintiff to prove them.   The jury returned a verdict for the plaintiff in each case, and the cases are here on exceptions by the administrator to the ruling thus made and the instructions thus given.

We think that the presiding judge was wrong.   The statute referred to provides, that " A signature to a written instrument which is declared on or set forth as a cause of action . . . shall be taken as admitted unless the party sought to be charged thereby

files in court . . . a specific denial of the genuineness thereof and a demand that it shall be proved at the trial." R. L. c. 173, § 86. This statute is a re-enactment of St. 1877, c. 163, of which it was said in *Holden* v. *Jenkins*, 125 Mass. 446, 448, that "the design of the statute was to save the party who relies upon a written instrument the trouble and expense of proving the signature, unless the adverse party, whose signature it is, will take the responsibility of a special denial of its genuineness, this being a fact especially within his personal knowledge." But in order to dispense with proof of the signature, it must appear that the written instrument is declared on or set forth as the cause of action. It is not enough to set out what turns out to be the legal effect of the instrument when it is offered in evidence (*Higgins* v. *McDonnell*, 16 Gray, 386), but it must appear from the declaration that the cause of action arises out of a written instrument executed by the adverse party, who, for the reason that it appears to have been executed by him and is relied on as the cause of action, may justly be required to admit or deny the signature. In this case there was nothing in the declaration which showed that the written assignments were relied on, and the administrator was not therefore required to admit or deny the signatures to them. The gift or transfer of a deposit in a savings bank may be established by the delivery of the bank book without a written assignment (*Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425, 432, 433), and for aught that appeared in the declaration that was what was relied on. The averment in the answers that if it should appear that Bannican signed transfers he had not sufficient mental capacity to render them valid was not an admission that he did sign transfers, and did not preclude the administrator from contesting the genuineness of the signatures if such transfers were offered in evidence. We have assumed, without deciding, that the statute applies to the cases before us although the plaintiff seeks to recover not against Bannican's estate but against the savings banks by virtue of assignments from Bannican; in other words not against the party whose signature is in question, but against another party by virtue of assignments alleged to have been made by Bannican. The question whether the statute applies may not arise, however, at another trial, and it is not necessary to pass upon it now, though

it may be observed, as before stated, that the controversy is in effect between the plaintiff on the one hand and the estate on the other.

*Exceptions sustained.*

The case was submitted on briefs.

*W. J. Coughlan & D. R. Coughlan,* for the defendants.

*F. M. Bixby & D. E. Damon,* for the plaintiff.