EDWARD H. LOWELL *vs.* SCOTT F. BICKFORD & another.

Suffolk.　January 20, 21, 1909. — May 4, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bills and Notes. Practice, Civil,* Findings of trial judge, Conduct of trial. *Evidence,* Proof of signature.

An accommodation party to a note cannot set up lack of consideration against a holder for value.

A bank, holding a protested note which the maker had failed to pay at maturity, demanded payment from the payee of the note who had indorsed it for discount by the bank. This indorser was unable to pay the note then, and thereupon it was agreed that the bank should give him a reasonable time in which to pay the note if he would give as security a joint and several note payable on demand for the same amount signed by himself and his wife. This was done. In an action, by a holder having the rights of the bank, against the husband and wife on the joint and several demand note, it was *held,* that the promise of the bank to forbear suing on the original note was a binding promise, that the indorser by delivering another note signed by his wife as well as by himself did something that he theretofore was not bound to do, and that the bank by taking the demand note as security for the pre-existing debt became a holder for value against the wife of the indorser of the original note, who was an accommodation maker of the new note.

A judge before whom a case is tried without a jury, and who makes a general finding for one of the parties which is warranted by the evidence, may refuse in his discretion to make specific findings of fact, although requested to do so by the party against whom he has made the general finding.

It is the settled law of this Commonwealth that the holder of a negotiable promissory note payable to bearer or payable to order and indorsed in blank can sue on it in his own name. It is not necessary for him to prove that he owns the note or that he has the consent of the owner to bring an action on it in his own name.

In an action on a promissory note given to a bank and alleged to have been indorsed by the bank to the plaintiff, a ruling of the trial judge that the plaintiff need not prove the indorsement of the bank to him (even if such ruling was not authorized by the true construction of R. L. c. 173, § 86,) is immaterial, if it appears that later in the trial the plaintiff testified that the note was indorsed by the bank and there is nothing to show that the defendant was prejudiced by the fact being proved in this manner.

The provision of R. L. c. 173, § 86, that a signature to a written instrument which is declared on or set forth as a cause of action shall be taken to be admitted unless the party sought to be charged thereby files in court a specific denial of the genuineness of the signature and a demand that it shall be proved at the trial, is not limited in its application to the signatures of the persons sought to be charged in the action, but extends to the signatures of third persons upon the instrument which are set forth in the declaration as a part of the plaintiff's case.

LORING, J.   This case was tried by a judge * without a jury.
He made a general finding against both the defendants, and the
case is here on their exceptions.   The evidence warranted a
finding that the following were the facts:

The Winnisimmet National Bank was the holder of a prom-
issory note for $1,000, signed by one O. H. Perry, payable to
and indorsed by the defendant Scott F. Bickford, which fell due
on March 1, 1902.   This note had been discounted for Bickford,
but Bickford handed the proceeds to Perry.   At maturity the
note came back unpaid and duly protested.   The cashier of the
bank then demanded payment of Bickford.   Bickford said that
he was unable to pay it then, that the maker was sick and
would pay it as soon as he got well.   On the next day the bank
agreed to give Bickford and Perry reasonable time on the note
if Bickford would give the bank a demand note for the same
amount, signed by him and his wife.   This was done on the
one hand to put the bank in the position of having paper for
the Perry note which was not overdue, and on the other hand
to avoid pressing Bickford to an immediate payment; and this
was stated in terms by the officers of the bank to Bickford.
Thereupon the note here sued on was handed to the bank by
Bickford on the day of its date.   The note sued on is a joint
and several note, payable on demand to the order of the bank,
signed by Bickford and his wife.

The plaintiff admitted that any defenses which would have
been open had the action been brought by the bank should be
open in this action.

We will deal with the questions as they were dealt with by
the counsel for the defendants, without regard to the several
exceptions.

1.   There is nothing inconsistent in the bank's agreeing to
give time for a reasonable period on the old note if a new note
payable on demand, signed by Scott F. Bickford and his wife, was
given as collateral.   It is true that the bank could have sued
Bickford and his wife immediately on the new note.   But Bick-
ford and his wife appear to have been willing to take their
chance of that if time was given on the old note.   And the

* _Raymond_, J.

reason why they were willing to take that chance on the new note is plain. The officers of the bank did not dare to leave an unpaid overdue note uncollected and not in suit, unless they had security for it. But the new note signed by Bickford's wife as well as by Bickford himself, being payable on demand, could be safely left uncollected and not in suit.

2. The promise of the bank to forbear suing on the original note was a binding promise. The case does not come within *Jennings* v. *Chase*, 10 Allen, 526, and *Walker* v. *Russell*, 17 Pick. 280, relied on by the defendants. In delivering to the bank another note signed by his wife as well as by himself, the defendant Bickford did something he was not theretofore bound to do.

3. Taking the demand note as collateral for the pre-existing debt made the bank a holder for value of the note as against Carrie S. Bickford, who was an accommodation maker. R. L. c. 73, § 42. See also *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189; *National Revere Bank* v. *Morse*, 163 Mass. 383, decided before the enactment of the negotiable instruments act. The fact that the demand note was payable to the bank did not prevent its becoming a holder for value. *Boston Steel & Iron Co.* v. *Steuer*, 183 Mass. 140. *Thorpe* v. *White*, 188 Mass. 333. An accommodation party to a note cannot set up lack of a consideration against a holder for value. R. L. c. 73, § 46. This case therefore does not come within *Ellis* v. *Clark*, 110 Mass. 389, relied on by the defendants. No question of pleading was raised at the trial, and by R. L. c. 173, § 3, the two makers of this note could have been joined in one action on their several contracts therein contained.

4. There was no pre-existing debt in existence when the wife's note was given in *Widger* v. *Baxter*, 190 Mass. 130. Here there was.

5. We have already held that the evidence warranted a finding for the plaintiff. The judge was not bound to make specific findings of fact, even if requested by the defendants to do so.

6. It is the settled law of this Commonwealth that a holder of a negotiable promissory note payable to bearer or payable to order and indorsed in blank can sue on it in his own name. *Little* v. *Obrien*, 9 Mass. 423. *Beekman* v. *Wilson*, 9 Met. 434. *Peaslee* v. *McLoon*, 16 Gray, 488. *Whitten* v. *Hayden*, 9 Allen,

408.  *National Pemberton Bank* v. *Porter*, 125 Mass. 333. *Spofford* v. *Norton*, 126 Mass. 533.  It is not necessary for him to prove that he owns the note or if not that he has the consent of the true owner to bring suit on it in his own name.

7. The exception taken to the ruling that the plaintiff need not prove the indorsement of the bank could be disposed of on the ground that it was testified by the plaintiff later in the case that the note was indorsed by the bank, and there is nothing to show that the defendants were prejudiced in the trial of the case by thus being forced to call the plaintiff as their witness.

But the question raised by the exception involves a point of practice, and we think it better to decide it to settle the practice. There are expressions in the opinion in *Holden* v. *Jenkins*, 125 Mass. 446, which indicate that it is only the signature of the person sought to be charged in the action which is within R. L. c. 173, § 86.  On the other hand the contrary was assumed if not decided in *Bryant* v. *Abington Savings Bank*, 196 Mass. 254. In that case the plaintiff sued the savings bank to recover a deposit made by one Bannican in his lifetime, relying on an assignment of the deposit book to her.  The savings bank disclaimed any interest in the deposit and summoned in Bannican's administrator.  It was held that if the assignment relied on by the plaintiff had been stated in the pleadings it would have been admitted by force of R. L. c. 173, § 86, unless specially denied.

While the matter is not free from doubt, on the whole we adopt the construction given to the statute in *Bryant* v. *Abington Savings Bank*, 196 Mass. 254, and hold that the signature of third persons to written instruments declared on as part of the plaintiff's case are within R. L. c. 173, § 86.

*Exceptions overruled.*

*W. A. Abbott*, for the defendants.
*C. F. Eldredge*, for the plaintiff.