WILLIAM E. NEAL, receiver, *vs.* JOHN F. SCHERBER & another.

Suffolk.     November 14, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions. *Bills and Notes.   Contract,* Consideration. *Words,* "Appeared."

A statement in a bill of exceptions that certain facts "appeared from the evidence" means that these facts are undisputed or admitted.

Where a bank takes a promissory note from the last indorser thereof, for whose accommodation the maker and a previous indorser have signed it, and surren-

ders in exchange a previous note then due made and indorsed by the same persons, the fact that the bank knew at the time of the transaction that the maker and the previous indorser became parties to the note for the accommodation of the last indorser does not affect its right to hold them, and between them and the bank there is a good consideration for their agreement, whatever may be the case between them and the last indorser.

CONTRACT, brought by the receiver of the property of the American National Bank against John F. Scherber as the maker and Mary White as the indorser of a promissory note for $250 dated June 27, 1905, and payable on September 27, 1905, to the American National Bank at any bank in Boston. Writ in the Municipal Court of the City of Boston dated March 23, 1907.

On appeal to the Superior Court the case was tried before *Crosby*, J., who ordered a verdict for the plaintiff; and the defendants alleged exceptions.

In the bill of exceptions the first paragraph stating the facts in the case began with the phrase " It appeared from the evidence," the second and third paragraphs each began with the phrase " It further appeared from the evidence," and the fourth and fifth paragraphs, which completed the statement of the facts, each began with the phrase " It further appeared." From the facts so stated it appeared that the last indorser of the note was William A. Carrie, who signed as " William A. Carrie & Co.," a name under which he then was doing business. The second and fifth paragraphs of the statement of the facts in the bill of exceptions were as follows:

" 2. It further appeared from the evidence that a few days before June 27, 1905, the said Carrie took the note to the defendant Scherber to sign and also to procure the signature of the defendant White, and that said Scherber did sign the note, procured the indorsement of defendant White, and then returned the note to Carrie. Mr. Carrie then delivered the same to the American National Bank, paid $50 in cash, and received in exchange therefor another note for $300, made and indorsed by the same parties, which fell due that day (June 27, 1905). There had been several similar notes given prior to the one in suit, of which this was the last."

" 5. And it further appeared that neither of the said defendants received any money or other consideration from the bank for signing or indorsing any of said notes. And the officials

of the bank knew that there was no consideration received by either of said defendants from the bank for signing or indorsing either the note of June, 1904, or any of the subsequent notes."

The case was submitted on briefs.

*C. F. Spear*, for the defendants.

*D. T. Montague, W. Keyes & M. E. Sturtevant*, for the plaintiff.

SHELDON, J.   All the facts necessary to make out the plaintiff's *prima facie* case were conceded at the trial.   We must construe the statement of the bill of exceptions that these facts " appeared from the evidence" to mean that they were undisputed, or in other words that they were admitted.

That the defendants became parties to the note for the accommodation of Carrie and that this was known to the bank would not affect its right to hold them.   As between them and the bank there was ample consideration for their agreement, whatever may have been the case as between them and Carrie. R. L. c. 73, § 46.   *Lowell* v. *Bickford*, 201 Mass. 543.

The verdict for the plaintiff was rightly ordered.   The exceptions are frivolous and must be overruled with double costs and twelve per cent interest.

*So ordered.*