ALMON I. SPINNEY *vs.* JOHN M. ALLEN AND TRUSTEE.

Franklin. Opinion February 15, 1928.

*Frank W. Butler,* for plaintiff.
*Carll N. Fenderson,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BASSETT, PATTANGALL, JJ.

DUNN, J. "It appeared in evidence" begins the first sentence of the second paragraph of the bill of exceptions in this case. The bill was filed by the counsel for the plaintiff, agreed to by the counsel for the defendant, and then allowed by the trial court judge.

The expression "appeared in evidence," standing alone in a bill of exceptions, does not express the same thing as "there was evidence tending to prove," or "the evidence on the point was conflicting," or similar statement.

Unqualified it is to be construed as meaning that the facts were undisputed or admitted. *Neal* v. *Sherber,* 207 Mass., 323.

In this case these facts appeared in evidence: Plaintiff owned letters patent on a skewer-pointing machine. One day, in the spring or summer of 1926, plaintiff said to the defendant, who was then making the first of the four machines of that kind which he had

contracted to manufacture and sell, that that machine infringed the patented invention, and unless defendant agreed to pay plaintiff a royalty there would be suit both for the infringement and to enjoin further interference with the patent owner's rights. Defendant agreed to pay ten percentum on the selling price of each machine. Later on he hired the plaintiff, who helped to make the four machines. On November 24th, in a written instrument of that date, "confirming verbal agreement," the plaintiff "agreed to allow the latter (defendant) to manufacture skewer pointing machines according to his (plaintiff's) patent or patents," on the royalty basis. And defendant again promised payment.

This much being premised, a foundation is laid for saying that the alternative, to promise to pay royalty or litigate, appears to have been fairly tendered to the defendant, and that he chose to promise payment.

Witnesses on defendant's side, so is further recital in the bill of exceptions, testified defendant stated to the plaintiff at the time of contracting, and afterwards, "that the machines that he was manufacturing were different, were not in accordance with the Spinney patent." There was denial that defendant had put plaintiff on such notice "until after the last machine was shipped and paid for."

An agreement to pay the patentee for a license to manufacture and sell a particular machine, which agreement was made when it was uncertain whether the machine was covered by the patent or not, was held binding and enforcible, as an absolute promise to pay for exemption from disturbance by the patentee and immunity from any claim under his patent. *Strong* v. *Carver Cotton Gin Company*, 197 Mass., 53.

"After the last machine was shipped and paid for" plaintiff sued in an action of assumpsit on an account annexed. In what amount, or on what number of machines, he alleged royalty to be his due, is not shown.

The case came on for jury trial at the return term of the writ in the Supreme Judicial Court in Franklin county in May, 1927, and the defendant prevailed.

In the course of the trial plaintiff requested this instruction:

"After the agreement was made and entered into that he (plaintiff) was entitled to assume that his licensee remains such until the

defendant by a clear, definite and unequivocal notice that he is not manufacturing under his license but stands as an infringer if the patents is valid."

The instruction was refused. As validity of the patent was not in issue, the request may not have been wholly accurate, but whether or not it was, is not important on this record to consider.

Instead of the refused instruction, the Judge charged the jury in this manner:

"If he (defendant) did not notify him (plaintiff), if Mr. Spinney's (plaintiff's) testimony is correct in that respect, that does not prevent Mr. Allen (defendant) from coming here and saying that these machines are not manufactured under this contract but are different machines. But if he did not — if he went on manufacturing these skewer pointing machines after making this contract and did not say to Mr. Spinney (plaintiff), 'These machines I am manufacturing are not under our contract,' if he did not do that, you are justified in finding that that is in a sense an admission on his part that he was acting under the contract. It does not absolutely prevent him from defending and saying that these machines that he was manufacturing were different."

Plaintiff has shown himself aggrieved by the instruction.

So long, as the jury could find from the evidence, as the contract remained in force, and defendant acted under it, he was bound thereby.

The plaintiff was entitled to the instruction, at least in effect, that if, on the facts as the jury should find them, the contract applied to the situation, then defendant would be estopped to assert "that the machines that he was manufacturing were different, were not in accordance with the Spinney patent." This is because the contract, if applicable, treats it as settled that the machines being manufactured were in accordance with the patent.

The instruction given overlooked the doctrine of estoppel. This was error of prejudicial magnitude. The exception must be sustained.

*Exception sustained.*