Mason, J.
The plaintiff sets forth in his declaration, that the defendant made a promissory note with conditional sales contract to the Kane Furniture Company; that the Kane Furniture Company endorsed the aforesaid note and conditional sales contract to the plaintiff for valuable consideration ; the plaintiff is a holder in due course thereof; that at maturity, the plaintiff demanded payment from the defendant but the defendant has refused to comply with such demand and otherwise refuses to pay the amount set forth in the aforesaid note and conditional sales contract. *335 Wherefore the defendant owes the plaintiff the sum of $209.40.
The defendant’s answer is a general denial, plea of payment, denial of signature on the contract and note, and that the said contract that the plaintiff is basing its action upon is made out contrary to law and is void, and that the said plaintiff failed to give a copy of the said contract to the defendant, and for that reason, the said contract is void, and that the said contract is contrary, to law and the statutes covering the subject matter and the same is void. And that the plaintiff is not licensed to carry on business under General Laws, Chapter 140, and that the rate of interest charged by the plaintiff is usurious and the said contract upon which the plaintiff bases its claim is void for the reason that the same is usurious and contrary to the provisions of Chapter 140 of the General Laws.
The defendant filed a motion which was allowed by the Court to amend his answer by adding thereto, the further answer:
That the plaintiff’s action was brought prematurely, the said plaintiff failing to foreclose the right of redemption provided for under General Laws, Chapter 255, Section 11 in the manner set forth in General Laws, Chapter 255, Section 13, and that there is a failure of consideration.
At the trial, the only witness put on the stand by the plaintiff was the defendant, who testified that on September 24, 1937, that he purchased a kitchen range and other household furniture from the Kane Furniture Company for $302.40, and that he had to make twenty-four payments of $12.60 each, for the said furniture. The attorney for the plaintiff showed the defendant, while he was on the stand testifying, an instrument on which the defendant testified appeared his signature in two places, after which testi *336 many, the attorney for the plaintiff offered the said instrument in evidence. The defendant objected to the admission of said instrument into evidence, and the Court admitted the said instrument over the objections of the defendant.
The defendant claimed a report to the ruling of the Court in admitting the said instrument into evidence, orally, at the time of the ruling of the Court, and seasonably filed a written claim for a report to the ruling of the Court, in admitting said instrument into evidence. A copy of said instrument is annexed to and made a part of the report by reference.
The defendant testified, that at the time that he signed the said instrument, the Kane Furniture Company failed to give him a copy thereof, and that he never received a copy of said instrument, either from the Kane Furniture Company or the plaintiff. It was agreed in Court, between counsel for the plaintiff and defendant, that counsel for the defendant made a demand upon counsel for the plaintiff for a copy of said instrument before the trial of this action, and that the counsel for the plaintiff refused to give a copy of said instrument to counsel for the defendant.
It appeared that the furniture had been repossessed by the Kane Furniture Company about six months after the purchase thereof. It did not appear whether there had been compliance with the provisions of G. L. (Ter. Ed.) chapter 255 section 13. The note in question was not produced at the trial.
At the close of the trial, and before the final arguments, the defendant made the following requests for rulings of law:
1. The evidence in this case is not sufficient as a matter of law, to warrant or support a finding for the plaintiff against the defendant.
*337 2. As a matter of law on all the evidence, the finding should be for the defendant, for the following reasons:
a. The plaintiff or the party through whom the plaintiff obtained the contract in question, failed to give the defendant, a copy of said contract, in violation of General Laws, Chapter 255, Section 12.
b. The plaintiff refused to give a copy of said contract to the defendant, in violation of General Laws, Chapter 255, Section 12.
c. The transaction between the parties comes within the provisions of General Laws, Chapter 140, Section 96 to 114 inclusive, and is in violation of said provisions, the interest being charged the defendant by the plaintiff, being in excess of that permitted by the aforesaid Chapter 140.
3. The rate of interest charged by the plaintiff is in excess of that permitted by General Laws, Chapter 140, Sections 96 to 114, and is in violation of the terms of said statutes, making the contract and note void and illegal.
The 'Court denied the defendant’s requests for rulings of law numbered one and refused to pass on requests for rulings 2 a and b, and declined to give requests 2 c and 3.
The Court found for the plaintiff in the amount of $209.40, and made the further findings:
“I decline to rule as requested in No. 1. 2 a and b are requests for findings of fact. I decline to pass on them. 2 c and 3,1 decline to give as there was no evidence offered to support any such rulings.”
We deal first with the question of evidence. The declaration alleged that the Kane Furniture Company endorsed the aforesaid note and Conditional sales contract to the plaintiff for valuable consideration. The answer contained *338 a denial of the signature of the defendant, and a demand that it be proved at the trial, but contained no special denial of the genuineness of the signature of the endorser, and no demand for its proof at the trial.
G. L. (Ter. Ed.) chapter 231 section 29 is as follows— “A signature to an instrument declared on or set forth as a cause of action or as a ground of defence or set-off shall be taken as admitted unless the party sought to be charged thereby files in court, within the same length of time after such instrument is pleaded as is allowed for an answer, a specific denial of the genuineness thereof and a demand that it shall be proved at the trial. ”
It was at one time doubtful whether this section applied to any signatures other than those of the parties to the action, but it is now clear that its application is general. In Lowell v. Bickford, 201 Mass. 543, at page 546, we find the following language — “While the matter is not free from doubt, on the whole we adopt the construction given to the statute in Bryant v. Abington Savings Bank, 196 Mass. 254, and hold that the signature of third persons to written instruments declared on as part of the plaintiff’s case are within R. L. c. 173 § 86.”
We think that the words of the declaration referring to the endorsement of the conditional sales contract are sufficient to constitute a declaration on a writing signed by the Kane Furniture Company, and that the signature thereto must be deemed to be admitted by the defendant. The evidence offered was properly admitted by the Trial Court.
The serious question in this case is that raised by request 2 a, quoted in full above, and relating to the failure to furnish the defendant a copy of the conditional sales contract as required by G. L. (Ter. Ed.) chapter 255 section 12 which is as follows:
*339 “Such contracts for the sale of furniture or other household effects in the form of a lease or otherwise shall be in writing and a copy thereof shall be furnished to the vendee by the vendor at the time of such sale; and all payments made by or in behalf of the vendee and all charges in the nature of interest or otherwise, as they accrue, shall, if the vendee so requests, be endorsed by the vendor or his agent upon such copy. A failure of the vendor through negligence to comply with any provision of this section shall suspend his rights under the contract while the failure continues. His refusal or wilful or fraudulent failure so to comply shall be a waiver by him of the condition of the sale.”
The Trial Court denied the request in the following words —“2 a and b are requests for findings of fact. I decline to pass on them.”
The uncontradicted evidence was that no copy of the conditional sales contract was furnished to the defendant. Of course the Trial Court was not as matter of law required to believe this evidence, but, if it is not given any credit, there is no evidence on which to base a finding that the plaintiff has complied with the statute. Until there is proof of the compliance with the statute the rights of the plaintiff under the conditional sales contract are suspended while the failure continues. There was thus no right of action when this suit was begun. The refusal of this request was prejudicial error, and there must be judgment for the defendant.
As this is decisive of the case, we do not find it necessary to pass upon the other questions raised by the defendant.