Moore, J.
This is an action of contract in which the plaintiff seeks to recover for a deficiency after a sale of an automobile repossessed under a conditional sale contract. The plaintiff’s declaration alleges that the action was based on a conditional sale contract but did not set forth a copy of the same nor was there any statement that the contract had been lost. The defendant’s answers were a general denial, plea of payment, and non-conformity with the statutes pertaining to conditional sale contracts. The defendant did not file a specific denial of the genuineness of the signatures or make a demand that the same be proved at the trial.
In the course of the trial it was testified that the conditional sale contract had been assigned to the plaintiff but had become lost.
At the trial an officer of the plaintiff company, the assignee of the contract, in charge of the records of that company testified that he had seen the contract in the files *110 at a previous time but that he was unable, at present, after diligent search, to find it. He also testified that two payments had been made by the defendant to his company after the making of the assignment. At the trial a printed form of the alleged contract was introduced and testified to by this officer that it contained all the necessary requirements of the Mass. Statute applicable to conditional sale contracts. He also testified that it contained signatures purporting to be those of the defendant, the maker of the conditional sale contract, and of the Papetti Motor Sales Co., the assignor of the contract to the plaintiff. He also testified that he could not of his own knowledge say that those signatures were genuine and authentic as he was not familiar with the signatures of either party.
The defendant moved that all evidence pertaining to the alleged lost conditional sale contract be stricken out and not considered by the Court. The Court denied this motion to which denial the defendant duly excepted and requested a report to this Court. The defendant also requested the following rulings:
“ (1) The evidence is insufficient to warrant a finding for the plaintiff. (2) Upon all the evidence the Court should find for the defendant for the following reasons: (a) The plaintiff has failed to prove a written conditional sale contract signed by the defendant, (b) The plaintiff has failed to prove the assignment of the conditional sales from Papetti Motor Sales to the plaintiff, the Associates Discount Corporation, (c) The plaintiff has failed to prove a compliance with the provisions of G. L. c. 255, §<§ 12, 13A, 13D, 13E, and 13F as relating to conditional sale contracts.”
Both of which requests the Court denied and found for the plaintiff in the sum of $432.00.
Nowhere in the declaration is it alleged that the action is based on a written contract. The use of the words- “the *111 defendant purchased under a conditional sale contract” in the declaration cannot be twisted, or added to in order to have it said that the declaration alleged a written contract. The requirement of the statute, G. L. c. 255, § 12 that a conditional sale contract shall be in writing does not aid the plaintiff as it infers that there can be an oral conditional sale contract; although to be valid it must be in writing.
The first intimation that this action was based on a written contract occurred only at the trial of the case and the defendant had a right to have the signatures proved, if there was any such contract, despite the fact that signatures had not been denied specifically in the defendant’s answer. G. L. c. 231, § 29 is not applicable as the declaration does not allege a written contract. Bryant v. Abington Savings Bank, 196 Mass. 254, 256.
The language of the Court in Bryant v. Abington Savings Bank, 196 Mass. 254, at page 256 wherein it states “but in order to dispense with proof of the signature, it must appear that the written instrument is declared on or set forth as the cause of action. It is not enough to set out what turns out to be the legal effect of the instrument when it is offered in evidence, Higgins v. McDonnell, 16 Gary, 386, but it must appear from the declaration that the cause of action arises out of a written instrument executed by the adverse party, who, for the reason that it appears to have been executed by him and is relied on as the cause of action, may justly be required to admit or deny the signature,” would appear to govern the situation as it developed in the trial of the instant case.
The denial of the defendant’s motion and the refusal to grant his requests for rulings constituted prejudicial error. The order should be new trial.