CITIZENS' NATIONAL BANK *v.* GANNON.

Opinion delivered March 19, 1923.

1. BAILMENT—PLEDGE BY BAILEE—RATIFICATION.—Where jewelry was deposited with a defendant for safe-keeping, and he pledged it with his co-defendant as security for a loan to himself, the owner is not bound by a simple ratification, but confirmation must rest on some consideration or upon an estoppel.

2. COMPROMISE AND SETTLEMENT—VALIDITY.—Where a bailee of jewelry pledged it as security for a loan to him and the bailor, becoming discouraged in her attempts to obtain its return, accepted a bill of sale from the bailee "subject to a loan" from the pledgee, the rights of the pledgee were recognized, and the confirmation of the pledge was supported by a good consideration; the bill of sale constituting a good compromise and settlement, of which the pledgee could take advantage.

3. COMPROMISE AND SETTLEMENT—CLAIM WITHOUT MERIT.—The settlement of a disputed claim furnishes a sufficient consideration to uphold the terms of a compromise, though the asserted claim is without merit and could not have been sustained in the courts.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

This is an action in replevin by Eleanor O. Gannon against Citizens' National Bank of Hot Springs, Ark., and Frank L. Reed to recover a platinum bracelet containing forty-five diamonds, worth $1,250, a platinum brooch containing twenty-one diamonds, worth $250, a fourteen-carat gold ring containing one diamond, worth $875, a platinum solitaire diamond ring worth $500, and a platinum three-diamond ring, worth $1,750, and all of the aggregate value of $4,625.

The defendants admitted the ownership of the plaintiff in the property, but defended the suit on the ground that the plaintiff had given the defendant, Reed, the right to deposit the jewelry with the defendant bank as security for a loan obtained by him from it for $2,600.

Mrs. Eleanor O. Gannon was a witness for herself. According to her testimony, she is the owner of the jewelry involved in this suit. She is well acquainted with the defendant, Frank L. Reed, and in September, 1919, deposited the jewelry with him for safe-keeping, and he never returned it to her. She and her sister drove by Reed's place of business in Little Rock, Ark., on their way to their country home, about forty miles distant. Mrs. Gannon had the jewelry on her person, and her sister thought that it would be dangerous for her to wear it on the trip. The plaintiff then gave the jewelry to Reed to keep in his safe until she returned. Three or four weeks afterwards she returned to Little Rock, and asked Reed for the jewelry. Reed told her that he had borrowed $2,000 and had deposited the jewelry as security for the loan. Reed did not tell her where he had borrowed the money. He told her that he had borrowed the money for thirty days and would take up the loan at the end of that time. He subsequently told her that he had renewed the loan for sixty days, and would pay it at the end of that

time and give her back the jewelry. Reed obtained the
$2,000 loan from the Worthen Bank at Little Rock, Ark.,
and that bank renewed the loan from time to time for
eighteen months. During all of this time Reed never
told Mrs. Gannon where he had obtained the money. At
the end of eighteen months the Worthen Bank demanded
payment of its loan. Reed then obtained a loan of $2,600
from the Citizens' National Bank of Hot Springs, Ark.,
and paid the Worthen Bank. The jewelry was deposited
with the Citizens' National Bank as security for the loan
obtained from it. Both the Worthen Bank and the Cit-
izens' National Bank thought that Reed was the owner
of the jewlery, and loaned him the money upon the faith
of it. In the spring of 1921 the plaintiff first learned that
Reed had borrowed the money from the Worthen Bank.
She also learned that he had transferred his loan to the
Citizens' National Bank at Hot Springs. In the spring
of 1921, while the plaintiff was in California on a visit,
she noticed that a part of her jewelry had been adver-
tised for sale by a salesman of Reed. She returned to
Little Rock and asked Reed about the matter, and then
learned that the jewelry was deposited with the Citizens'
National Bank of Hot Springs as security of a loan ob-
tained by Reed from it. After talking with Reed about
the matter, Mrs. Gannon became discouraged, and con-
sulted an attorney. Her attorney wrote a form of notice
to the Citizens' National Bank, to the effect that the
jewelry was the property of Mrs. Gannon. Reed de-
clined to sign the notice, and said that he would take the
matter up with his attorney. Mrs. Gannon asked Reed
to sign the notice so that the bank would know that the
jewelry belonged to her. She wished it as evidence that
the jewelry belonged to her. She had nothing at that
time to show that she owned it.

Subsequently Reed signed a bill of sale of the
jewelry in favor of Mrs. Gannon. The attorney of Mrs.
Gannon then sent a copy of the bill of sale to the Cit-
izens' National Bank of Hot Springs. This was to

notify the bank of Mrs. Gannon's title to the jewelry. Mrs. Gannon described in detail how she came to own it. It is sufficient to say that a part of it had been given to her by her husband and that she bought part of it.

Frank L. Reed was a witness for the defendant. According to his testimony, he gave a part of the jewelry to Mrs. Gannon himself, and gave her the money with which she purchased the balance of it, except one piece. She delivered the jewelry to him for the express purpose of enabling him to obtain a loan on it. She understood all the time that he had deposited it with a bank as security for the loan.

Mrs. Gannon was called in rebuttal, and denied this to be true. The defendants also introduced in evidence the bill of sale of the jewelry to Mrs. Gannon, which was dated May 16, 1921. The bill of sale contains the following:

"This conveyance is made subject to a loan of two thousand six hundred dollars ($2,600) upon the above described property and interest thereon, owing the Citizens' National Bank of Hot Springs, Arkansas, and upon payment thereof by either of the parties hereto, or any other person, the said Citizens' National Bank of Hot Springs, Arkansas, is hereby authorized and directed to deliver the above described property to the said Eleanor O. Gannon, grantee herein.

"And I, Frank L. Reed, grantor, hereby covenant with the said grantee that I will warrant and defend the title to the above described property against the lawful claims of any and all persons claiming under, by or through me only, excepting, however, the loan above referred to, for which said property is pledged."

No part of the loan has been paid by Reed, and he has become a bankrupt.

The jury returned a verdict for the plaintiff, and the defendants have appealed.

*L. E. Sawyer,* for appellant.

Appellant is entitled to a reversal because appellee knew Reed had pledged the jewelry for an individual loan and acquiesced in the transaction. She also later ratified his said act. The court also erred in not allowing appellant the opening and closing argument. Estoppel. *Jetton* v. *Tobey,* 62 Ark. 84; see also *Anderson* v. *Cox,* 42 Ark. 473; note to 25 L. R. A. (N. S.) 761-770; *Bank of U. S.* v. *Lee,* 13 Pet. 117-8, 21 C. J. 1176; *Van Horn* v. *Overman,* 75 Iowa 421. Silence acquiescence. 21 C. J. 1113, § 116, 1118, § 121, 21 C. J. 1150. 2 Herman on Estoppel and Res Adjudicata, 1061-3, 1065-6; *Despard* v. *Despard,* 53 W. Va. 463; *Forbes* v. *Page Lbr. Co.,* 20 Idaho 354; *Rothschild* v. *Title Guaranty & Trust Co.,* 204 N. Y. 458. Execution of the bill of sale was an express ratification of Reed's acts in pledging the jewelry for his loan. Appellant's admission that appellee was the owner of the property, but for its special interest entitled it to open and conclude the argument.

*Schoggen & Shepherd, Martin, Wootton & Martin,* for appellee.

Appellee not estopped by silence, under circumstances of this case. *Jetton* v. *Tobey,* 62 Ark. 84. She is the owner of the property, and gave Reed no authority to sell. She only gave him possession, and that without title would not enable him to convey a better title than he had. Note 25 L. R. A. (N. S.) 762. Cases and authorities cited by appellant reviewed. Note to 25 L. R. A. (N. S.) 761, supports appellee's contention. Silence alone is insufficient to work an estoppel. 10 R. C. L. 692, sec. 21. *Id.* 696-7. *Forrest* v. *Benson,* 233 S. W. 916. Court erred in submitting question under instructions 3 and 4. The recital in Reed's bill of sale to appellee was not a ratification by her of his act in pledging jewelry. Burden of proof was upon appellee. Secs. 4112, 4113, Crawford & Moses' Digest, § 1231. *Prescott & N. W. Ry.* v. *Brown,* 74 Ark. 606; 86 S. W. 89; *Mine LaMotte Co.* v. *Consolidated Coal Co.,* 85 Ark. 123, 107 S. W. 174. Sec. 8653,

C. & M. Digest. *Keller* v. *Sawyer,* 104 Ark. 375; *Gilley* v. *Accident Ins. Co.,* 96 N. Y. Supp. 282; *Lodany* v. *Assard,* 91 Conn. 316; 99 A 762. Plaintiff has right to open and close when it devolves upon him to prove any allegation of his complaint. *Bertrand* v. *Taylor,* 32 Ark. 471; *Johnson* v. *Nelson,* 3 Neb. 260, 91 N. W. 52; *Huffman* v. *Aldersen,* 9 W. Va. 616; *Prescott & N. W. Ry.* v. *Brown, supra; Mine LaMotte Co.* v. *Consolidated Coal Co., supra,* 23 R. C. L. 35, § 107; 1 Thompson on Trials, 231-2. See also *Simmons* v. *Pearson,* 61 S. W. 259, 22 Ky. Law Rep. 1907. A general objection to the giving of all instructions will not avail if any given are correct. *Ward* v. *Sturdivant,* 86 Ark. 103; *St. L. I. M. & S. Ry.* v. *Puckett,* 88 Ark. 204; *Roach* v. *Rector,* 93 Ark. 521; *St. L. I. M. & S. Ry.* v. *Carter,* 93 Ark. 589.

HART, J., (after stating the facts). According to the testimony of Reed, Mrs. Gannon let him have the jewelry for the purpose of obtaining a loan on it. Mrs. Gannon denied this, and said that she deposited the jewelry with him for safe-keeping. She did not know that he had obtained a loan on the jewelry until after he had done so. Hence, according to the undisputed evidence, Reed did not act or assume to act as the agent of Mrs. Gannon in obtaining the loan. In such cases the owner may subsequently confirm the sale or pledge of the property, but this he cannot do by a simple ratification. His confirmation must rest upon some consideration upholding the confirmation, or upon an estoppel.

In *Lafargue* v. *Markley,* 55 Ark. 423, where a husband sold his wife's horse, in her absence and without her consent, and executed a bill of sale therefor, this court affirmed a judgment for the recovery of the horse by the wife on the ground that there was no evidence in the case tending to show either an estoppel against her or a consideration for the confirmation of the sale of her horse by her husband. In discussing the question the court said: "There was no evidence that he was or assumed to act as her agent. There was no question of agency, and

consequently there was nothing to ratify. She could have confirmed the sale, but this could not have been done by a simple ratification. A confirmation, to have been binding upon her, must have rested upon some consideration upholding it, or upon an estoppel.'' (Citing authorities).

Here the facts are essentially different. The undisputed evidence shows that Reed executed a bill of sale to Mrs. Gannon to the jewelry in question on the 16th day of May, 1921. Mrs. Gannon, with full knowledge that he had deposited the jewelry with the Citizens' National Bank as security for a loan of $2,600, accepted the bill of sale and sent a copy of it to the bank. According to her own testimony, she had become discouraged about the matter, after waiting so long for Reed to redeem his pledge of the jewelry, and wanted something to show that she had title to it. He had had the jewelry pledged for a loan for eighteen months, and Mrs. Gannon knew that fact.

The recital in the bill of sale by Reed to her that it was made subject to a loan of $2,600 from the Citizens' National Bank, and with directions to the bank to deliver the jewelry to Mrs. Gannon, upon the payment of the loan by either Mrs. Gannon or Reed, was a sufficient consideration for the execution of the bill of sale. This was the fixing of a definite basis of their rights in the property, and amounted to a compromise or a settlement between Mrs. Gannon and Reed.

This court is committed to the doctrine that the compromise of a disputed claim furnishes a sufficient consideration to uphold the terms of a compromise, though the asserted claim is without merit and could not have been sustained in the courts. *First National Bank of Mena* v. *Allen,* 141 Ark. 328, and cases cited; *Bankers' & Planters' Mutual Insurance Assn.* v. *Archie,* 145 Ark. 481, and *Fair* v. *Beal-Burrow Dry Goods Co.,* 148 Ark. 340. The reason for the rule is that parties unable to agree about matters in dispute may go into court and have their rights adjudicated, or they have the right to

settle their differences between themselves in any way they choose.

The bill of sale in this case recognized the rights of the bank to hold the jewelry as security for the loan made to Reed by it, and directed that the jewelry be delivered to Mrs. Gannon upon payment of the loan either by herself or by Reed. This, as we have already seen, was in effect a settlement between Mrs. Gannon and Reed of their differences in the matter, and this was in itself a sufficient consideration for the bill of sale. The testimony in this respect is undisputed. We have no concern as to which party was right. It is sufficient that it settles their differences.

It follows that the court erred in not directing a verdict in favor of the bank, and for that error the judgment must be reversed.

Inasmuch as the case has been fully developed, no good purpose could be served by remanding it for a new trial, and the case will be dismissed here.