## FOWLER et ux. v. MAYTAG SOUTHWESTERN CO.
### No. 8065.

Court of Civil Appeals of Texas. Austin.

April 24, 1935.

Rehearing Denied May 22, 1935.

James M. Simpson, of Amarillo, and Kerr & Gayer, of San Angelo, for appellants.

Bartlett, Thornton, & Montgomery, of Dallas, for appellee.

McCLENDON, Chief Justice.

A minor child of appellants was run over and killed by an automobile owned and operated by Whitfield, who at the time was engaged in the business of selling and servicing washing machines for appellee. The suit was by appellants against appellee for compensatory damages for the death of the child, alleged to have resulted from Whitfield's negligence in operating the automobile. In a trial to the court without a jury, judgment was rendered for appellee under the following judgment recital: "The court having heard and duly considered the pleadings, the evidence and the argument of counsel, the Court finds and concludes that the plaintiffs have been damaged herein to the extent of Five Thousand ($5,000.-00) Dollars, in which amount they would be entitled to recovery herein against the defendant Maytag Southwestern Company, except for the conclusion, here now reached by the Court, that L. L. Whitfield, driver of the automobile involved herein at the time of the injuries involved, was acting at that time as an independent contractor in law."

■■ Appellants contend that the judgment should be reversed and judgment here rendered in their favor on the ground that they made a prima facie showing of liability, and the "conclusion" that Whitfield was "an independent contractor in law" was one of law predicated upon an interpretation of the evidence viewed most strongly in their favor and so found. We do not give the language this construction. Two constructions, we think, are possible: The court may have meant to say: (1) From all the probative evidence before me (which I deem it unnecessary to and do not pass upon factually), I conclude that Whitfield was in law an independent contractor; or (2) from such evidence (which I have weighed and passed upon factually) I conclude, etc. Under the former construction appellants might be entitled, under proper circumstances, to have the judgment re-versed and a new trial ordered, if the evidence were sufficient to warrant recovery. There are, we think, two obstacles to such procedure. In the first place, the judgment must be supported, if that can be done, through indulgence of every reasonable inference and presumption in its favor. This rule necessitates resolving an ambiguous recital in favor of the judgment; the court being presumed to have ruled properly. The other is that appellants were entitled to have the court find the facts upon which his judgment was based; failing which, and absent request therefor, the judgment will not be disturbed, if supported by sufficient probative evidence.

■ Appellants contend that the evidence conclusively shows that Whitfield was an employee of appellee. Whitfield, who was appellee's only witness, and the only witness testifying who personally knew the relation between himself and appellee, testified, in substance, that he was district sales and service manager for appellee at Brady; that he had a place of business there called the Maytag Shop, where he kept Maytag machines on exhibit on consignment; that he worked solely on commission; that he took orders for appellee; that he used his own automobile in traveling over his territory, servicing and repairing it himself; that appellee had no control over his movements, where or when he went, or the manner in which he transacted the business. What he did as service man, and how or by whom paid for such work, was not shown, other than that on the day of the casualty he examined Mrs. Fowler's washing machine with a view to repairing it.

This evidence was sufficient to support the conclusion of independent contractor under the holding in National Cash Register Co. v. Rider (Tex. Com. App.) 24 S.W. (2d) 28.

■ Certain evidence of Whitfield was objected to as not being clear or as being conclusions of the witness. We doubt whether the specific objections have any substantial merit. If there was error in any of those rulings, it was harmless, as the trial was to the court, and there was ample other evidence to support the judgment. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195.

The trial court's judgment is affirmed.

Affirmed.