### BANCA ITALIANA DI SCONTO *vs.* COLUMBIA COUNTER COMPANY.

Suffolk. March 23, 1925. — May 22, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, PIERCE, & SANDERSON, JJ.

*Bills and Notes*, Validity, Consideration, Ratification, Holder in due course. *Corporation*, Officers and agents, What constitutes corporate action. *Lord's Day. Evidence*, Presumptions and burden of proof, Competency. *Practice, Civil*, Conduct of trial: leading question; Exceptions; Amendment.

In an action against a corporation upon a promissory note which purported to be signed in the name of the defendant by its president, the defendant contended that the note was a forgery. There was expert testimony that the signature was in the handwriting of the president, and there also was in evidence a letter of the president referring to and describing the note as "made by the writer." *Held*, that a finding that the president signed the note was warranted.

The defendant at the trial above described contended that the president had no authority to make the note in its behalf and that the making of it was not ratified. It appeared that the defendant's by-laws provided that the business of the corporation should be managed and conducted by the president, board of directors, the clerk and the treasurer, that the treasurer should sign all instruments in writing, including notes for the payment of money, and that the assistant treasurer should have power to perform the duties of the treasurer when the latter was absent or unable to act; that the person signing the note was president and assistant treasurer, that he and two others constituted the board of directors, held all the offices and owned all but eight shares of the stock, and that those eight shares were held by one who was the defendant's bookkeeper. Correspondence and statements made by the directors tended indirectly to show acquiescence in and adoption of the validity of the note. *Held*, that

(1) The question, whether the person who signed the note had original authority to execute and deliver it, need not be considered;

(2) It was not necessary that ratification be by formal vote of the corporation or its board of directors;

(3) Whether there was a ratification by the corporation was a question of fact for the jury.

There was evidence at the trial of the action above described tending to show that the defendant had shipped merchandise to the payee in Italy and that in order to procure delivery it was necessary for the payee to pay a draft drawn by the defendant; that, having afterwards examined the merchandise, he discovered that some of it was not as ordered and refused to accept it; that the note in question was given by the defendant to reimburse the payee for so much of his payment as represented the goods refused by him. *Held,* that a finding that the note was given for sufficient consideration was warranted.

The note above described was dated at Boston on February 29, which was a Lord's day. There was evidence that it was delivered to the payee in Italy "in the first of March." The defendant contended that the note was invalid because given on a Lord's day. *Held,* that

(1) The fact that the note was made and dated on a Lord's day did not of itself render it invalid;

(2) The jury were warranted in finding that the note was not delivered on its date;

(3) In the absence of evidence that the note was delivered on a Lord's day in March, it must be presumed in law to have been delivered on a secular day and not to be a void instrument;

(4) There being no evidence of delivery on a Lord's day, it was immaterial, so far as the validity of the note was concerned, whether it was to be construed by the laws of Italy or by those of this Commonwealth, as there was no evidence to show that it was invalid in either jurisdiction.

It is within the discretion of a trial judge to determine whether and to what extent leading questions shall be allowed in direct examination of a witness.

It was *held* to be within the discretion of the trial judge to deny, in an action of contract brought by an Italian banking corporation, a motion by the defendant to amend its answer, presented for the first time after a jury had been empanelled for the trial of the action and based on a contention that the bank had passed into the possession of a liquidating agent.

CONTRACT by an Italian banking corporation upon a promissory note for $23,590.55 alleged to have been made by the defendant at Boston, payable to Joseph Alinovi at the Prudential Trust Company at Boston and indorsed to the plaintiff. Writ dated February 19, 1921.

In the Superior Court, the action was tried before *McLaughlin*, J. The motion to amend the answer, described in the opinion, was made after the jury was empanelled. The judge said that he did not wish the case to be interrupted on the eve of trial and deferred action on the motion, stating

that it might be called up at a later time.   About six months after the verdict, the motion was called up by the defendant for disposition and, after hearing, the judge denied it as of the date of the verdict.   The motion was based on a contention that the plaintiff, being in possession of a liquidating agent, had lost its corporate entity.   In the course of this hearing the judge expressed the view that, even if the original plaintiff, Banca Italiana Di Sconto, had been dissolved, there was a presumption that it was legally still in existence for the purpose of collecting any debts due it and could prosecute the present actions without substituting the liquidating agent; but thereupon the judge expressly stated that he did not overrule the motion simply because of that view of the law, but overruled it generally; and the defendant excepted.

Material evidence at the trial is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor.   The motion was denied. The defendant then asked for the following rulings:

"1. If the instrument sued on was made on Sunday it is void and the plaintiff cannot recover in this action.

"2. If the instrument sued on was given without consideration the plaintiff cannot recover."

"4. If the person who signed the instrument sued on signed it without authority of the defendant the plaintiff cannot recover."

"6. The instrument being payable in Boston, Massachusetts, is governed by the law of Massachusetts.

"7. If the law of a foreign country is not proved then the law of Massachusetts is applicable to the case.

"8. Even if the instrument were valid in the country where it is alleged to have been made it is invalid in Massachusetts if the jury finds that it was made on Sunday and was payable in Massachusetts.

"9. If the instrument sued on, even if a valid instrument in the country where it is alleged to have been made, would be invalid or void if made in Massachusetts, it cannot be enforced in Massachusetts.

"10. Even if the instrument is valid where it is alleged to have been made it cannot be enforced in Massachusetts if

such enforcement would be against a Massachusetts statute or against public policy.

"11. If the instrument sued on was made on Sunday and payable in Massachusetts it cannot be enforced or collected in Massachusetts because such enforcement or collection would be in violation of Massachusetts statute law and against public policy.

"12. If the jury finds that the signature upon the instrument sued on was forged or made without authority of Charles D. Malaguti then the instrument is wholly inoperative and the plaintiff cannot recover.

"13. If the jury is satisfied that the title of Alinovi Guisseppi to the instrument sued on was defective then the burden is on the plaintiff to prove that it is a holder in due course.

"14. If the by-laws of the Columbia Counter Company do not give authority to its president to sign instruments such as that sued on then the defendant is not liable in this case.

"15. If the by-laws of the defendant Columbia Counter Company expressly provide that instruments like that sued on may only be signed for the company by its treasurer or assistant treasurer acting as such, then the defendant is not liable in this case.

"16. If an officer of the defendant corporation signed the instrument sued on without authority of the corporation the corporation is not liable unless there was express ratification of the act by the corporation.

"17. If the jury finds that the Columbia Counter Company is liable on the instrument sued on then it must find that Charles D. Malaguti is not liable.

"18. If the jury finds that Charles D. Malaguti is liable as alleged in the suit against him then the Columbia Counter Company is not liable on the instrument sued on in the suit against it."

"21. If February 29, 1920, was Sunday and the instrument sued on was payable in Boston, Massachusetts, then all holders of the instrument are presumed to have taken it in contemplation of the Massachusetts law with respect

thereto and full knowledge that under Massachusetts law the instrument was illegal and void.

"22. If the date on the instrument was filled in at some subsequent time to the making and the date thus filled in was Sunday and the instrument sued on was payable in Boston, Massachusetts, then all holders of the instrument are presumed to have taken it in contemplation of the Massachusetts law with respect thereto and full knowledge that under Massachusetts law the instrument was illegal and void."

Exceptions were saved by the defendant to all the refusals by the trial judge to give such rulings as were inconsistent with his charge. Exceptions by the defendant to certain portions of the charge to the jury are described in the opinion.

The jury found for the plaintiff in the sum of $29,008.55. The defendant alleged exceptions.

*F. W. Mansfield & E. R. Mansfield,* for the defendant, submitted a brief.

*M. C. Taylor,* for the plaintiff.

CROSBY, J. This is an action on a promissory note, brought by an indorsee against the defendant. The note was written in the Italian language. According to the translated copy set forth in the record, it is dated February 29, 1920, payable to Joseph Alinovi, at the Prudential Trust Company in Boston, and purports to be signed "Columbia Counter Company, Charles D. Malaguti, President." It was indorsed by the payee to the order of the plaintiff. At the trial it was agreed that February 29, 1920, was Sunday.

The defendant denied making the instrument and contended that it was a forgery; it also denied that Malaguti had any authority to sign it for the defendant; that being dated on Sunday, it was void; that it was without consideration; and that the plaintiff was not a purchaser for value. The case was tried with a second action brought by the plaintiff against Malaguti personally, wherein it was alleged that he was not authorized to make the note and damages were sought for such alleged unauthorized act. The jury found for the plaintiff in the first case and for the defendant in the second.

At the date of the note and previously thereto Alinovi, the payee, was a manufacturer of shoes in Parma, Italy. The defendant is a Massachusetts corporation dealing in shoe supplies, shoe counters and upper leather, with a place of business in Boston. There was evidence tending to show that in August and September, 1919, the defendant sold and shipped to Alinovi forty-one cases of leather, amounting in all to about $100,000; that one of these shipments was invoiced at $17,566.20, and another at $6,024.35, the two together ($23,590.55) being the exact amount of the note in suit; that in the shipments there were certain goods not ordered; that Alinovi accepted those that conformed to his order, rejected the rest, and notified the defendant that the latter were held in his storehouse subject to its order. There was further evidence to show that to get the goods ordered, it was necessary for Alinovi to pay a draft for the entire lot, which he did. He testified by deposition that he requested Malaguti for payment of the leather which was not ordered; that the latter replied he did not have the money but would send it through the defendant's representatives in Milan, Antonioli and De Pol, by draft for the amount covering the rejected leather; that the instrument in question, which seems by the parties to have been considered as a draft, was delivered to Alinovi by De Pol in March, 1920; that he indorsed it (it being agreed that it is a promissory note in form) and delivered it to the plaintiff at Parma; that it was discounted by the plaintiff and the proceeds were credited to Alinovi's account.

Upon the question whether the note was a forgery, the jury could have found that the statement, in the letter written by Malaguti to the Old Colony Trust Company, dated June 5, 1920, as follows, "beg to say that the 90 day draft dated Feb. 29, 1920 for $23,590.55 was made by the writer when he was in Italy on certain conditions," was true; and also, from the expert testimony offered by the plaintiff, that the note was in Malaguti's handwriting. It is plain upon the foregoing and all the evidence that he could have been found to have made the note, notwithstanding his testimony to the contrary.

The undisputed evidence showed that Malaguti was the president of the defendant company in February, 1920, and had held that office for several years previously; that he and one Hood and one Taplan owned all the stock of the corporation at that time except eight shares held by Barbara A. Wells, who was the bookkeeper and clerk of the corporation; that Malaguti was also assistant treasurer at that time, and that the board of directors consisted of himself, Hood and Miss Wells. The by-laws provided that the business of the corporation should be managed and conducted by the president, board of directors, the clerk and the treasurer; that the treasurer should sign all instruments in writing, including notes for the payment of money; that the assistant treasurer should have power to perform the duties of the treasurer when the latter was absent or unable to act.

The question whether Malaguti had original authority to execute and deliver the note need not be considered, as it is plain there was evidence from which it could have been found that he made it and that his act was ratified by the corporation. There was evidence that, after the sales hereinbefore referred to had been made by the defendant and Alinovi had rejected a portion of the leather, Hood, a stockholder and director, wrote to Alinovi that he would be credited for all merchandise he was not able to use; that Malaguti was the only one in the company who spoke Italian; that letters written by him to Alinovi bore the heading "Export Department Charles D. Malaguti"; that when it was necessary for any one to go to Italy to represent the defendant, he went; that when he came back in March, 1920, he told Hood, Miss Wells and Taplan (who had become a stockholder in 1920) "all he had done over there; . . . that upon his return he reported to the directors about the Italian business that the company was interested in"; and "told his partners about the talk with Alinovi."

Miss Wells testified that she "knew about everything that went on"; that she understood there were goods that Alinovi did not take but that she had no definite knowledge of it. Hood testified that he knew about Malaguti's trip to Italy on business for the company and when he came back he

told him what he had done. This witness also testified that
he protested to Malaguti "in regard to his signature upon
the note." The jury could have disregarded what he said
respecting the note and found upon his testimony and other
evidence and the reasonable inferences to be drawn therefrom
that the execution and delivery of the note by Malaguti were
ratified by the managing officers of the company as well as
by its stockholders and directors. It was not necessary that
such ratification should be by a formal vote. It was suffi-
cient if the corporation, acting through its proper officers,
knew that the note had been given in settlement of Alinovi's
claim against it, and assented thereto. Whether there was
a ratification by the corporation was a question of fact for
the jury. *Nims* v. *Mount Hermon Boys' School,* 160 Mass.
177, 182.

Alinovi, having paid the draft in full, was entitled to a
rebate of so much as represented goods that he did not
order; and since Malaguti had promised to reimburse him
for that amount, the giving of the note in question is suscep-
tible of the construction that it was in substance merely
paying what, as between Alinovi and the defendant, was
due; and that it was the defendant's own debt which was
thereby extinguished.

It was not contended that the act of the president was
fraudulent or that he profited personally by the transaction.
What was done was for the manifest benefit of the company,
and resulted in an extension of time for the payment of what
could have been found to be a debt of the corporation. The
jury could have found that Malaguti, with the knowledge
and acquiescence of the directors, went to Italy in January,
1920, for the purpose of securing business for the defendant
and to settle some affairs there, one of them being the
transaction between the defendant and Alinovi; that the
note in suit was given to Alinovi in settlement of his claim
against the defendant; and that all the directors and stock-
holders (independently of Malaguti) who were the same
persons, with one exception, afterwards, with full knowledge
that the note had been given, approved and ratified Mala-
guti's act. If the jury so found the corporation could be

found to have confirmed and adopted the settlement. Ratification may be inferred from corporate acts which may be presumed to have been performed under corporate authority. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413. *North Anson Lumber Co.* v. *Smith,* 209 Mass. 333, 338.

The jury could have found upon the testimony of Alinovi that the consideration for the note was its acceptance by him in repayment of the amount which he had over paid the defendant; that would be a sufficient consideration for the note. *Ives* v. *Farmers' Bank,* 2 Allen, 236, 241. *National Revere Bank* v. *Morse,* 163 Mass. 383. Absence of consideration would not be a defence as against the plaintiff if, as the jury could have found, it was a holder in due course. G. L. c. 107, § 74. It follows that the plaintiff's second request was rightly denied.

The contention of the defendant that as the note was dated on Sunday it was void cannot be sustained. The fact that a note is made and dated on a Sunday does not of itself render it invalid. It takes effect from its delivery, and unless the evidence shows that it was delivered on a Sunday, it is not invalid. *Hill* v. *Dunham,* 7 Gray, 543. The only evidence of when the note was delivered is found in the testimony of Alinovi, who said that it was delivered to him at Parma, Italy, by the defendant's Italian agents "in the first of March, 1920." This, if believed, warranted the jury in finding that it was not delivered on Sunday, February 29, 1920. In the absence of evidence that it was delivered on a Sunday in March, it will be presumed in law that it was delivered on a secular day and was not a void instrument. *Walling* v. *Cushman,* 238 Mass. 62, 66. The instructions upon this branch of the case were accurate and sufficient. The defendant's first, eighth, ninth, eleventh, twenty-first and twenty-second requests could not rightly have been given. The maker of a note is ordinarily deemed to be bound in accordance with the laws of the place where it is payable. *Cherry* v. *Sprague,* 187 Mass. 113. *Walling* v. *Cushman, supra.* In the case at bar it is immaterial, so far as the validity of the note is concerned, whether it is to be

construed by the laws of Italy or by those of this Commonwealth, as there is no evidence to show that it was invalid in either jurisdiction. Accordingly the defendant's sixth, seventh and tenth requests were rightly denied.

As there is no evidence that the note was delivered on Sunday, we need not consider whether, if it had been delivered on that day, it would be invalid in this Commonwealth as against an innocent purchaser for value, before maturity, and without notice. See *Towne* v. *Rice*, 122 Mass. 67, 71; *Walling* v. *Cushman, supra.*

It is plain from what has been said that the defendant's motion for a directed verdict was rightly denied. Request thirteen, relating to the burden of proof, was given in substance. Requests fourteen and fifteen were rightly denied as they excluded liability on the ground of ratification. Requests four, seven, twelve, sixteen, seventeen and eighteen were covered by the charge.

The exceptions to the admission of evidence will be considered in the order in which they have been argued on the defendant's brief. The exception to the admission of the question in direct examination of the witness Hood, respecting a conversation had by him with Malaguti, on the ground that it was leading cannot be sustained. It was within the discretion of the judge to allow leading questions to be put in direct examination. *Gray* v. *Kelley*, 190 Mass. 184, 187.

The deposition of Alinovi was taken by the defendant and consisted of interrogatories and cross-interrogatories and the answers of the witness. The seventh cross-interrogatory was objected to by the defendant on the ground that it was predicated on an affirmative answer to the defendant's direct interrogatory seven, and that the deponent had not answered that interrogatory in the affirmative. The defendant was not harmed by the admission of the answer, as the deponent had previously given substantially the same testimony in answer to direct interrogatories. The exception to cross-interrogatories eight and nine cannot be sustained. The exception to cross-interrogatory seventeen, on the ground that delivery of the note in suit was assumed but had not been

proved, cannot be sustained, as the deponent had previously testified without objection that the defendant's Italian representatives had delivered the note to him in March, 1920.

The admission of a letter written by Hood to Alinovi, if incompetent, does not seem to have been prejudicial to the defendant. The admission of the depositions of Praecco and Lion was not erroneous. We cannot say that their relations with the plaintiff bank were not such as to enable them to testify by deposition respecting the matters about which they were interrogated.

The defendant excepted to certain parts of the charge. The judge referred to the testimony of Alinovi respecting the rejection of certain portions of the leather and that the note was given to repay the amount which Alinovi had paid. He then said that the fair purport of Alinovi's testimony was that the matter was adjusted by the giving of the note. This statement was made in connection with that part of the instructions which related to the genuineness of the note. The jury were further told in this connection that the court did not assume that the note was genuine as that was purely a question of fact for them to pass upon. In this instance and throughout his instructions the judge was careful to make it plain that the jury were the sole judges of the facts. The exception to this part of the charge cannot be sustained.

The refusal to allow the defendant's motion to amend its answer, denying the corporate existence of the defendant corporation, rested in the sound discretion of the court. Its denial does not seem to have affected the substantial rights of the defendant, or subjected it to a double liability on the note in suit. The other motions not argued are treated as waived.

The instructions upon ratification were in accord with sound principles and in conformity with earlier decisions of the court; and that issue has been previously dealt with herein. The contentions of the defendant that the instructions were insufficient and erroneous, and that the judge charged upon the facts, are without merit. A careful reading of the instructions shows that the court was fair in its allusions to the testimony, and that its statement of the

principles of law involved and of their application to the evidence was full and accurate.

We have discussed all exceptions which require special consideration.

*Exceptions overruled.*