MERCHANTS DISCOUNT COMPANY *vs.* SAMUEL B. SIMON.

Suffolk.   November 16, 1934. — January 3, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Bills and Notes*, Validity.  *Evidence*, Judicial notice, Relevancy.  *Lord's Day*.

It *was stated* that judicial notice will be taken of the fact that a certain day was a Sunday.

Where, at the trial of an action upon a promissory note given in renewal of a previous note, the defence was that there was no consideration for the note in suit, the mere fact that the previous note bore a date which was a Sunday did not require as a matter of law that a verdict be ordered for the defendant, there being no evidence that the previous note was delivered on a Sunday and there being evidence showing that it was in fact delivered on a secular day.

CONTRACT.  Writ in the Municipal Court of the City of Boston dated November 28, 1932.

Upon removal to the Superior Court, the action was tried before *Morton, J.*  Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $5,040.70. The defendant alleged exceptions.

*J. C. Johnston,* (*A. Keller* with him,) for the defendant.

*B. Levin, H. Cohn,* & *H. M. Dracos,* for the plaintiff, submitted a brief.

PIERCE, J.   This is an action of contract brought by the plaintiff as payee and holder of a collateral promissory note, dated January 24, 1928, in the sum of $3,575.20, against the defendant, the maker thereof.  The defendant pleaded by way of answer that no consideration was paid or given by the plaintiff to the defendant for the execution of the promissory note declared upon, and denied that the signature in the note declared on was his.

The case was tried to a jury. The undisputed evidence disclosed that the original note, dated March 19, 1926, of a series of notes of which the one in suit was the last, had for its consideration an actual advance of money by the plaintiff to the makers of that note; that the note was secured by a bill of sale of certain machines; that on May 29, 1926, this note was renewed by another note payable June 19, 1926, signed by the same makers except one Roy Booth; that, subsequently, upon the payment by two of the makers of $2,000 and the execution and delivery to the plaintiff on July 15, 1926, of a renewal note in the sum of $4,000 signed by the defendant Samuel B. Simon, Albert Geiger, junior, and Gertrude R. Geiger, as the makers, two of the original makers (George C. Funk and Frederick Wilcox) were released from liability to the plaintiff at the time this note was given; that, as a part of the same transaction and as part consideration therefor, the plaintiff assigned to the defendant all its rights, title and interest in and to the collateral to the original note, and the defendant immediately reassigned that collateral as security for the note then signed by the defendant; that the note signed by the defendant dated July 15, 1926, was renewed by a note dated August 15, 1926, in the sum of $3,178, which was payable six months from date, was signed by the defendant as maker and indorsed by Albert Geiger, junior, and Gertrude R. Geiger, who were makers of the note dated July 15, 1926; and that this last named note was renewed at the request of the defendant by a note dated January 24, 1928, which is the note now sued on. There is nothing in the evidence to warrant a finding that anything was realized upon a foreclosure of the collateral security or that any payments were made on the note by the defendant.

At the trial as a part of the defendant's case he called to the witness stand one William A. Morton who had previously been called by the plaintiff. He was shown the note dated August 15, 1926, and testified that that note was in his handwriting; that he was present at the time it was executed; that it was executed during the daytime and "during my office hours"; that when it was signed, it was

left with him by the defendant; that he handed it to Miss MacLeod the "next day, the next morning"; that it was left with him, "Probably uncompleted business for the day"; that "It was signed by the individual and I put in the dates, and so forth"; that "Mr. Simon didn't take it away after he signed it; he left it with" him. Morton further testified that the same thing (that is, the delivery of the note) was true of the note dated January 24, 1928. The record does not disclose what business relationship or connection, if any, there was between the plaintiff and Morton or between the plaintiff and Miss MacLeod. At the close of the defendant's case the following colloquy occurred between the judge and the attorney for the defendant, Mr. Johnston: "MR. JOHNSTON: I want to call the court's attention to one fact before I rest. I offer to prove that August 15, the date of Exhibit 3 [August 15, 1926], was Sunday." "THE COURT. It is immaterial and not raised by the pleadings." After conference at the bench: "MR. JOHNSTON. May my exception be noted to the exclusion . . . of my offer of proof?" "THE COURT. Yes." The defendant then rested. The record contains all the material evidence. There was a verdict for the plaintiff. The defendant presented twenty requests for instructions. The judge declined to give those numbered 4, 5, 6, 7, 8, 9, 10, 16, 17, 18 and 19, and also a motion that the jury be instructed to return a verdict for the defendant. The motion for a directed verdict for the defendant is the principal exception argued by the defendant. Other exceptions relate thereto.

It is plain that the judge was right as matter of law in refusing the defendant's offer to prove that August 15, 1926, was Sunday. In and of itself the fact that the note was dated on a Sunday was quite immaterial. That August 15, 1926, was Sunday was a fact to be noted judicially — it did not require evidence to prove it — and, if material to any issue, that fact would have been stated to the jury if the defendant had asked instructions to that end. The fact in itself was immaterial because the instrument did not become effective until delivery and the evidence in the case was consistent with a finding that the note was signed and

dated during the "uncompleted business for the day." In a word, the defendant's offer of proof was not that the note was in fact signed, dated and delivered on a Sunday but only that the written date was evidence that the true date of the signing was the date put upon the note. Manifestly this inference is rebutted by the stronger inference that the plaintiff's "uncompleted business for the day" was business conducted on a secular day and not business conducted on the Lord's day in violation of the statute. *Walling* v. *Cushman*, 238 Mass. 62, 66. *Banca Italiana Di Sconto* v. *Columbia Counter Co.* 252 Mass. 552. In the failure of the defendant to plead illegality in the note of August 15, 1926, it is obvious that he could not prove the same alleged illegality without proof of illegality in its delivery, in support of the defence that the note was without consideration. It is to be noted that if the note of August 15, 1926, is invalid, there remains the note of July 15, 1926, upon which the consideration for the note of August 15 may be based, in approximately the same amount and covering the same debt as the note of August 15, 1926, which was given in renewal of the note of July 15, 1926. We have considered all the requests which were denied and not specifically argued by the defendant, and find no error in the judge's refusal to give them.

*Exceptions overruled.*