WILLIAM E. NEAL, receiver, *vs.* FRANK E. WILSON.

Suffolk.   November 13, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bills and Notes,* Accommodation.

Where, at the solicitation of the cashier of a bank and for the purpose of making good an overdraft by a customer of the bank, a third person without receiving any consideration delivers to the cashier, who knows of such lack of consideration, his check drawn upon a second bank, payable to his own order and indorsed by him to be deposited to the credit of the overdrawn account, the first bank is not a party accommodated and can recover from the drawer of the check under R. L. c. 73, § 46.

CONTRACT by the receiver of the American National Bank of Boston against the drawer of a check for $250 upon the State National Bank of Boston, payable to the drawer's order and indorsed by him. Writ in the Municipal Court of the City of Boston dated July 20, 1910.

On appeal to the Superior Court the case was tried before *Hitchcock,* J. The facts are stated in the opinion. There was a verdict for the plaintiff; and the defendant alleged exceptions.

*F. G. Woodbury, (J. M. Marden* with him,) for the defendant.

*C. F. Eldredge,* for the plaintiff.

LORING, J. This was an action by the receiver of the American National Bank against the drawer of a check which on present-

ment had been dishonored by the drawee. On the day on which the check was drawn the defendant went to the bank with one Craig, who admittedly was a clerk of one Pearson. The defendant testified that the cashier of the bank told him (the defendant) that Pearson's account with the bank was overdrawn to the amount of $250; that Pearson was in New Hampshire and "it was along about halfpast one or quarter of two;" and that "he had spoken to Mr. Craig about having me put up a check of $250 to close the overdraft, and he said if I would do this, that he would hold me harmless and return the check to me in a day or two, as soon as Pearson arrived in town;" that he (the defendant) thereupon drew the check here sued on and handed it to the cashier of the bank. On cross-examination the defendant testified that he knew that the check was to be deposited to the credit of Pearson's account with the bank to make that account whole. Although it does not affirmatively appear in the bill of exceptions, it was stated at the argument that the jury were instructed that if the cashier did agree to hold the defendant harmless, as he testified, it was a defense. As to this defense see *Davis* v. *Randall,* 115 Mass. 547. The jury found for the plaintiff. Before the case was submitted to the jury the presiding judge, at the plaintiff's request, ruled that "There is no evidence in this case to warrant a verdict for the defendant; on the ground that the bank of which the plaintiff is receiver was the accommodated party." An exception taken to this ruling is the only question presented in this case.

Where a defendant for the accommodation of a debtor and without consideration gives his note or check to a creditor of the debtor in payment of or as security for the debt due from the debtor to the creditor, he is liable to the creditor on the note or check. That is the rule of the negotiable instruments act (R. L. c. 73, § 46), which governs the case. The negotiable instruments act in this regard is a codification of the common law. The creditor who has accepted it can recover on the accommodation note or check (*Pacific Bank* v. *Mitchell,* 9 Met. 297; *Thompson* v. *Shepherd,* 12 Met. 311; *Lowell* v. *Bickford,* 201 Mass. 543), and the fact that the creditor knew that the note or check was given for the accommodation of the debtor is not a defense (*Tucker* v. *Jenckes,* 5 Allen, 330; *Indian Head National Bank* v.

*Clark*, 166 Mass. 27; *Neal* v. *Scherber*, 207 Mass. 323), for that is the purpose of the transaction. In such a case however the debtor cannot sue on the note or check, for as to him the note or check is a mere gratuity. *Quinn* v. *Fuller*, 7 Cush. 224. *Corlies* v. *Howe*, 11 Gray, 125. *Nesson* v. *Millen*, 205 Mass. 515.

We understand the defendant's contention on the question raised by this ruling to be that on his testimony the jury were warranted in finding that the check here sued on was given at the solicitation of the cashier of the bank and not at the request of Pearson, who was in New Hampshire at the time, and that if the jury so found, the plaintiff and not Pearson was the "party accommodated" within the rule that the party for whose accommodation a note or check is given cannot sue on it, for as to him it is a mere gratuity. But even if the note was given at the cashier's solicitation it was confessedly given to be passed to the credit of Pearson's overdrawn account in order to make the account whole. That is to say, it was given for the accommodation of Pearson who was the debtor, and not for the accommodation of the bank, which was the creditor. The entry must be

*Exceptions overruled.*