FIRST NATIONAL BANK OF MENA v. ALLEN.

Opinion delivered December 22, 1919.

1. COMPROMISE AND SETTLEMENT—CONSIDERATION.—The compromise of a disputed claim furnishes sufficient consideration to uphold the terms of a compromise, even though the asserted claim is without merit, and could not have been sustained in the courts.

2. BILLS AND NOTES — LIABILITY OF ACCOMMODATION MAKER OF CHECK.—Where a dispute between a bank and an indorser upon a check was compromised by the bank returning the check in consideration of a third party delivering a check, the latter was liable on his check under Negotiable Instrument Law, section 29, though he signed it merely as accommodation.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

STATEMENT OF FACTS.

The First National Bank of Mena commenced this suit against T. A. Allen and C. E. Sutton before a justice of the peace to recover the sum of $50. From a judgment rendered against them the defendants duly appealed to the circuit court, where the case was tried *de novo.*

The facts are as follows: C. E. Sutton and his daughter, Eva Sutton, were conducting a restaurant in the city of Mena, and the daughter received a check from Fred Fonsworth, a customer, drawn in favor of her father on the First National Bank of Mena. She supposed the check was for fifty cents, and received it for that sum. She had authority to endorse checks payable

to her father and endorsed the one in question to another customer in making change for $5. She still supposed the check was for fifty cents. Some unknown person carried the check to the First National Bank of Mena and presented it without endorsing it, and it was cashed by that bank. It turned out that the check was for $50, instead of fifty cents. At the close of the day's business the First National Bank found out that Fonsworth was not a customer of it and called up the Planters' State Bank, and was told by the officers of that bank that Fonsworth was its customer, but that he did not have enough funds in the bank to pay the check.

The president of the First National Bank of Mena found out from the Suttons that the check was intended to be for fifty cents instead of $50. The bank insisted that Sutton was liable to it on his endorsement because the check was intended to be drawn on the Planters' State Bank and was drawn on the First National Bank by mistake.

On the other hand, Sutton claimed that the check being drawn on the First National Bank and cashed by it, that he was only liable to the bank for the sum of fifty cents for which sum the check was intended to be drawn. In settlement of their dispute T. A. Allen, as an accommodation to C. E. Sutton, gave the bank his check on the Planters' State Bank of Mena for $50, and the bank turned over the check of Fonsworth to Sutton. Before the check was presented to the bank for payment Allen notified it not to pay the check. Hence this lawsuit.

The case was tried before a jury, which returned a verdict for the defendants, and from the judgment rendered the plaintiff has appealed.

*Norwood & Alley,* for appellant.

The check was a written instrument for a certain amount, and Sutton received the check and endorsed it and was liable, and plaintiff was entitled to a directed verdict. It was an obligation in writing and for a valuable consideration and is binding. Act 81, Acts 1913, § 61.

It was given to settle a dispute between Sutton and the bank and for a good and sufficient consideration. 131 N. Y. 149; 52 *Id.* 422; Crawford's Ann. Neg. Inst. Law, p. 71; 213 Mass. 336.

*Prickett & Pipkin,* for appellees.

Under the undisputed facts appellees should have had a directed verdict, but the result is the same, and there is no error, as justice has been done. 13 C. J. 321, § 156. Allen had the right to stop payment of his check, and there was no liability of Sutton, as he never agreed to pay it; he simply thought he was liable on his endorsement and he was not. The original promise was without consideration, and the secondary promise was likewise so and not binding. 13 C. J. 321, § 156. See also 2 Michie on Banks, etc., 908, § 124. Sutton was never liable to the First National Bank for the check, as the bank accepted and paid it and could not recover back the amount from the payee, because the maker had no funds in such bank. 2 Michie on Banks, etc., 908, § 124, and cases cited.

Hart, J., (after stating the facts). The court instructed the jury that if Mr. Sutton received the check as fifty cents and disposed of it as fifty cents neither he nor Allen was liable to the plaintiff. This was wrong. The check drawn by Fonsworth on the First National Bank in favor of Sutton was plainly written for fifty dollars, although Sutton received it for fifty cents. He endorsed the check. Inasmuch as he was not a customer of the First National Bank and was a customer of the Planters' State Bank, it was supposed that he had made a mistake and used one of the blank checks of the former bank, when he in fact intended to draw the check on the latter. The Planters' State Bank, however, refused to pay the check because Fonsworth did not have sufficient funds to meet it. Under this state of facts, the plaintiff bank approached Sutton and claimed that he was liable for the whole of the $50. Sutton claimed that, inasmuch as the check was drawn on the First National Bank and it had cashed it, he was only liable on his endorsement for

the sum of fifty cents, that being the amount for which he had received the check. The parties settled their dispute by the bank surrendering to Sutton the check which Fonsworth had drawn in favor of Sutton and Sutton gave. to the bank the check of Allen for $50, Allen being an accommodation drawer for him. This was the settlement or compromise of a disputed claim between Sutton and the First National Bank of Mena, and it is well settled in this State that the compromise of a disputed claim furnishes sufficient consideration to uphold the terms of a compromise even though the asserted claim is without merit and could not have been sustained in the courts. *Willingham* v. *Jordan*, 75 Ark. 266; *Fender* v. *Helterbrandt*, 101 Ark. 335, and *Simonson* v. *Patterson*, 137 Ark. 106, and cases cited.

It follows that the compromise between the bank and Sutton furnished a sufficient consideration to make Sutton liable to the bank for the $50 when Allen stopped payment on his check which had been given in satisfaction of the claim of the bank. The surrender by the bank of the original check drawn in favor of Sutton by Fonsworth was a sufficient consideration moving from it. Allen was also liable as an accommodation party under our Negotiable Instruments Act. Acts of 1913, page 260. Section 29 reads as follows: "An accommodation party is one who has signed the instrument as a maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder. at the time of taking the instrument knew him to be only an accommodation party."

In construing a precisely similar section of the Negotiable Instruments Act of the State of Massachusetts, the Supreme Court of that State said that where a defendant for the accommodation of a debtor and without consideration gives his note or check to a creditor of the debtor in payment of, or as security for, the debt due from the debtor to the creditor, he is liable to the creditor on

the note or check. *Neal v. Wilson*, 213 Mass. 336. In that case the court further said that the fact that the creditor knew the check was given for the accommodation of the debtor was not a defense, for that was the purpose of the transaction. Under this decision and under the plain language of the statute just quoted, Allen was liable to the plaintiff bank.

It follows that the judgment must be reversed and the cause remanded for a new trial.