BERNARD LINSKY, administrator, *vs.* BAY MACHINERY
Co., INC.

Suffolk.    December 11, 1928. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes*, Consideration, Accommodation. *Corporation*, Officers
and agents.

At the trial of an action against a corporation by the holder of a check
made by the corporation and signed in its behalf by its treasurer,
there was evidence that the payee of the check had done trucking for
the treasurer personally before the incorporation of the defendant
and continued to do so thereafter, still keeping his account in the
name of the treasurer, although he knew of the incorporation; that
the corporation owed the payee money for trucking; that the payee
had received other checks of the corporation for trucking; and that
the check in question was delivered to the payee by the treasurer on
account of such amount owed to him. There were findings that the
check was given on account of trucking done by the payee for the
corporation; that the treasurer was authorized to give the check for
the corporation; and that the check had not been given by the cor-
poration for accommodation. *Held*, that such findings were warranted.

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated November 10, 1927.

Taylor testified at the trial in the Municipal Court that
he had dealt with Friedus previous to October, 1926, and
had continued to do so until after the giving of the check.
Other material evidence is stated in the opinion. The trial
judge made the findings described in the opinion, found for
the plaintiff, and reported the action to the Appellate Divi-
sion. The report was ordered dismissed and the defendant
appealed.

*S. J. Kagan & R. Harpel*, for the defendant, submitted a
brief.

*I. N. Samuels*, for the plaintiff.

CROSBY, J.    This is an action to recover the amount of a
check, and is brought by the administrator of the estate of
H. Pikin. The check is dated May 11, 1927, is drawn upon

The Atlantic National Bank of Boston for $200 payable to the order of I. Taylor, and is signed "Bay Machinery Co., Inc. B. Friedus, Treas." The payee indorsed and transferred the check to the plaintiff for value. The action was heard by a judge of the Municipal Court of the City of Boston who made certain findings of fact and found for the plaintiff.

At the trial there was evidence that the defendant is a corporation duly organized in October, 1926; that the following were officers of the corporation: B. Friedus, treasurer; Rose Friedus, his wife, president, and H. Casper, clerk; that B. Friedus signed the check and delivered it to Taylor, who indorsed it to the plaintiff and received from him $200 in cash.

Friedus testified that the check was given to Taylor as an accommodation and not on account of any indebtedness due him; that he owed Taylor nothing, because Taylor had damaged some machines belonging to him to an amount in excess of any amount he owed Taylor; that the latter had done trucking for him personally before August 1, 1927, but had not done any trucking for the defendant corporation. Taylor's testimony, however, was that he had been dealing with Friedus before and after he received the check, and that at its date there was due him $400 for trucking; that on May 3, 1927, he saw Friedus and asked him for money on account of the bill; that Friedus told him he had no money in the bank and could pay nothing on the bill at the time; that after some further discussion Friedus gave him the check on account of the amount owed him, the check being postdated, so that Taylor could take care of an obligation which he had to meet that day. He further testified that he knew when the corporation was organized, and he continued to do business with Friedus after such organization as if there had been no change; that the corporation owed him money for trucking, although he had continued to keep the account in the name of Friedus; and that he had received the corporation's checks for trucking.

Upon the entire evidence the judge was warranted in finding that it was incidental to the business of the corporation to enter into contracts with persons to do trucking; that the

check in question was given for trucking done by Taylor for the corporation, there was valid consideration for the check and it was authorized by the corporation.   The findings that the check was given in part payment of a bill due Taylor from the corporation for trucking, and that Friedus as treasurer was authorized by the defendant to issue the check, justified a further finding that the defendant was not an accommodation maker.

The requests for rulings which were refused could not properly have been given in view of the findings, which were warranted upon the evidence.

*Order dismissing report affirmed.*