STOUGHTON TRUST COMPANY *vs.* MARION E. PIKE.

Norfolk.      October 5, 1932. — February 15, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Bills and Notes,* Holder in due course, Accommodation paper.

It was no defence to an action by the payee against the maker of a promissory note that a firm, who employed the defendant, originally borrowed money from the plaintiff on their note; that later for their note there was substituted in the hands of the plaintiff the note of a

third person secured by collateral consisting of shares of the capital stock of a certain trust company known by the plaintiff to be the property of the firm; and that at the request of the firm the defendant signed and, in substitution for the note of the third person, delivered to the plaintiff the note which was the subject of the action and which was in the sum of the third person's note plus a further sum which the plaintiff had been required to pay as a stockholder's assessment upon the stock in the trust company: the plaintiff was a holder in due course of a note of which the defendant was a maker for the accommodation of the firm.

CONTRACT upon a promissory note. Writ dated June 10, 1931.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence is described in the opinion. The judge ordered a verdict for the plaintiff in the sum of $9,070.13. The defendant alleged exceptions.

*R. G. Wilson, Jr.*, for the defendant, submitted a brief.

*F. G. Bauer*, for the plaintiff.

DONAHUE, J. This was an action brought by the payee against the maker of a promissory note which was payable on demand. At the trial there was no dispute as to the amount of unpaid principal and interest or as to the signature. The plaintiff introduced the note without objection and rested. After excluding, subject to the exception of the defendant, certain evidence recited in an offer of proof, the judge directed a verdict for the plaintiff for the amount of the unpaid principal and interest.

The plaintiff made out a *prima facie* case sufficient to support the action. *Beacon Trust Co.* v. *Barry*, 260 Mass. 449, 450. G. L. (Ter. Ed.) c. 107, §§ 47, 48, 82. This *prima facie* case was not rebutted or controlled by the evidence offered by the defendant. That evidence went no farther than to show that the firm of Eaton and McKnight, by whom the defendant was employed, had originally borrowed money from the plaintiff on their note; that for their note there was substituted at a later time the note of one Litchfield secured by the collateral deposit of stock of the Roxbury Trust Company which as the plaintiff knew was the property of Eaton and McKnight; that at her employer's request the note in suit, the principal sum of which

was $16,910, was signed by the defendant and delivered to the plaintiff in substitution for the Litchfield note on which there was then due $9,000 and that the plaintiff in addition paid the sum of $7,910 which was required to meet an assessment on the trust company stock.

The defendant became the maker of the note for the accommodation of Eaton and McKnight.  The plaintiff was a holder in due course as that phrase is defined by the negotiable instrument statute.  G. L. (Ter. Ed.) c. 107, § 75. As accommodation maker the defendant became liable on the instrument to the plaintiff as a holder in due course notwithstanding that the plaintiff at the time of taking the instrument knew the defendant to be only an accommodating party.  § 52.  The defendant by signing as maker undertook to pay the note according to its tenor.  § 83.  Her obligation was primary and absolute and the same as that of the ordinary maker of a note.  *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 207.  The note has not been discharged by any of the methods sanctioned by the statute. § 142.  The verdict for the plaintiff was rightly directed.

*Exceptions overruled.*