## MOLLIE KARLSBERG *vs.* ISIDORE FRANK.

Suffolk.    November 23, 1932. — February 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Bills and Notes*, Holder in due course, Payee, Delivery.

At the hearing in a municipal court of an action of contract by one named
as payee in a negotiable promissory note against an indorser thereof,
the defendant did not contend that the plaintiff, if he was a holder of
the note in due course, was not entitled to recover; and, upon evidence
warranting his findings, the trial judge found that the maker signed
the note without inserting the name of any payee; that the defendant,
at the request of the maker, indorsed it when it was in that condition
and delivered it to the maker, to whom the defendant owed the amount
of the note, giving him no instructions as to how he was to get the
money on the note or from whom he was to get it; and that thereafter
the maker inserted the name of the plaintiff as payee and delivered
the note, complete and regular upon its face, to the plaintiff before
its maturity and for value.   There was no contention that the maker
obtained the defendant's signature to the note by any unlawful means
or for an illegal consideration.   The trial judge found for the plaintiff.
On an appeal by the defendant from an order by the Appellate Division
dismissing a report by the trial judge, it was *held*, that
   (1) The fact that the plaintiff was the payee of the note did not pre-
vent him from being a holder in due course;
   (2) An inference could have been drawn that the maker did not
negotiate the note in breach of faith, or in such circumstances as
amounted to a fraud, and, consequently, that there was no defect in the
maker's title thereto;
   (3) A finding was warranted that the maker had authority to negoti-
ate the note to the plaintiff;
   (4) An inference was warranted that the maker had authority to
complete the note by filling in the name of the plaintiff as payee and
that, consequently, there was no infirmity in the instrument;
   (5) An inference that the plaintiff took the note in good faith also
was justified;
   (6) The findings that the plaintiff was a holder in due course, and
for the plaintiff, were warranted.

CONTRACT by the payee against an indorser of a nego-
tiable promissory note.   Writ in the Municipal Court of
the City of Boston dated February 9, 1932.

In the Municipal Court, the action was heard by *Dowd,*
J.  Material evidence and findings by the judge are de-
scribed in the opinion.  There was a finding for the plain-
tiff in the sum of $2,164.  A report to the Appellate Division
was ordered dismissed.  The defendant appealed.

The case was submitted on briefs.

*H. A. Leventhal & C. D. Raphael,* for the defendant.

*A. N. Illman,* for the plaintiff.

FIELD, J.  This is an action of contract brought in the
Municipal Court by the payee of a promissory note against
the indorser.  There was a finding for the plaintiff, a report
to the Appellate Division which was dismissed, and an appeal
by the defendant from the order dismissing such report.
The report sets out the defendant's requests for rulings, the
disposition thereof by the trial judge, all the evidence ma-
terial to the questions reported, and the specific findings of
the judge.

It is not contended before us that the plaintiff, if she was a
holder of the note in due course, is not entitled to recover
thereon against the indorser.  G. L. (Ter. Ed.) c. 107, § 80.
A finding that the plaintiff was a holder in due course was
warranted.

The judge found in substance — and the findings are sup-
ported by evidence — that the maker signed the note with-
out inserting the name of any payee, that the defendant, at
the request of the maker, indorsed it when it was in that
condition and delivered it to the maker, to whom the defend-
ant owed the amount of the note, and that thereafter the
maker inserted the name of the plaintiff as payee and de-
livered the note to the plaintiff before its maturity for value
complete and regular upon its face.  The fact that the plain-
tiff was the payee of the note does not prevent her from being
a holder in due course.  *Russell* v. *Bond & Goodwin, Inc.* 276
Mass. 458, 463, and cases cited.

On the findings above set forth the plaintiff was a holder
of the note in due course if she took it in good faith and with-
out "notice of any infirmity in the instrument or defect in
the title" of the maker, who negotiated it to her.  G. L. (Ter.
Ed.) c. 107, § 75.

The conclusion was justified — and there is no contention to the contrary — that the maker did not obtain the defendant's signature to the note by any unlawful means or for an illegal consideration. The defendant, however, contends that the note was negotiated to the plaintiff by the maker without authority from the defendant to do so. The judge found, and was warranted by the evidence in finding, that at the time the defendant indorsed the note "he gave no instructions or directions to . . . [the maker] as to how he was to get the money on the note or from whom he was to get it." The only testimony to the effect that the maker had no authority from the indorser to negotiate the note to the plaintiff was given by the defendant; it could have been disbelieved (*Gordon* v. *Bedard*, 265 Mass. 408, 410–411), and obviously was disbelieved. From all the evidence the inference could have been drawn that the maker did not negotiate the note "in breach of faith, or under such circumstances as amount to a fraud," and, consequently, that there was no defect in the maker's title thereto. G. L. (Ter. Ed.) c. 107, § 78. And this is true wherever the burden of proof as to defective title rested. See, however, G. L. (Ter. Ed.) c. 107, § 82. *Beacon Trust Co.* v. *Ryder*, 273 Mass. 573, 575–576. In this connection it is to be noticed that the note according to the findings, unlike a check considered in *Boston Steel & Iron Co.* v. *Steuer*, 183 Mass. 140, 147, and the note considered in *Tower* v. *Stanley*, 220 Mass. 429, 436, cases relied upon by the defendant, was complete when delivered to the plaintiff. See G. L. (Ter. Ed.) c. 107, §§ 36, 37.

Since it could have been found that the note was indorsed and delivered by the defendant to the maker and that the maker had authority to negotiate it to the plaintiff, it could have been inferred that the maker had authority to complete the note by filling in the name of the plaintiff as payee and that, consequently, there was no infirmity in the instrument. G. L. (Ter. Ed.) c. 107, § 36. *Liberty Trust Co.* v. *Tilton*, 217 Mass. 462, 463.

If there was no infirmity in the instrument or defect in the maker's title thereto, obviously there could be no notice

of such an infirmity or defect in title even if the plaintiff knew that the note when indorsed by the defendant did not contain the name of any payee. See G. L. (Ter. Ed.) c. 107, § 79. An inference that the plaintiff took the note in good faith also was justified.

The rulings as to the burden of proof and the effect of knowledge by the plaintiff that the note when indorsed by the defendant did not contain the name of any payee, requested by the defendant and made by the judge, to which no objection was made by the plaintiff, need not be discussed. See, however, G. L. (Ter. Ed.) c. 107, §§ 36, 47, 49, 52, 78, 79, 82; *Farber* v. *Sackett*, 255 Mass. 569; *Beacon Trust Co.* v. *Ryder*, 273 Mass. 573, 575–576; *Russell* v. *Bond & Goodwin, Inc.* 276 Mass. 458, 463–464. These rulings were sufficiently favorable to the defendant and, even if regarded as the law of the trial (see *Tompkins* v. *Quaker Oats Co.* 239 Mass. 147, 150), would not compel a finding for him on the evidence.

It follows that there was no error in the refusal of the judge to rule, as requested by the defendant, that "Upon all the evidence the plaintiff is not entitled to recover," and "Upon all the law the plaintiff is not entitled to recover." Nor was there error in his refusal to make other rulings requested, since they assumed facts not found by him or were based upon a part of the evidence. *Smith* v. *Import Drug Co.* 253 Mass. 368, 371.

*Order dismissing report affirmed.*