EUGENE J. BLANCHARD *vs.* FRED A. PORTER & another.

Middlesex. March 6, 1944. — September 14, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Bills and Notes,* Accommodation, Consideration.

A wife who with her husband signed a demand note as comaker, where there was no evidence that she signed at the request of the payee or for his accommodation, was liable thereon if it was given for a valid preëxisting debt of the husband, although she received nothing of value in the transaction.

CONTRACT. Writ in the Fourth District Court of Eastern Middlesex dated March 18, 1943.

The case was heard by *C. W. Nash,* J.

*H. B. Zonis,* (*R. E. Kempton* with him,) for the plaintiff.

*H. Lewin,* for the defendants.

RONAN, J. This is an action of contract by the payee against the makers of a joint and several demand promissory note dated February 7, 1935. The defendants are husband and wife. The judge found for the plaintiff as against the husband and in favor of the wife on the ground that there was no consideration for her signature to the note. The plaintiff appealed from an order of the Appellate Division dismissing the report.

There was evidence that the wife owned a farm which her husband operated and managed for her, and that the husband had borrowed various sums from the plaintiff aggregating $3,000 for the purpose of paying taxes on the farm, interest on a mortgage and wages of the farm laborers. The husband had filed a petition in bankruptcy in 1934 in which he scheduled an indebtedness of $3,000 to the plaintiff, but he never obtained any discharge in the bankruptcy proceedings. Shortly after the filing of this petition, the husband discussed the payment of this indebtedness with the plaintiff's attorney, admitted his liability and stated his willingness to give a note for the debt. The attorney made out a demand note which the plaintiff took to the defendants' home. Both defendants signed the note and had their signatures witnessed.

We assume in favor of the defendant wife that the indebtedness was the personal obligation of her husband alone. It is undisputed that the plaintiff was owed $3,000 for money lent to the husband and that both defendants signed the note. There is no evidence that she signed at the request of the plaintiff or for his accommodation. Nothing appears in the record with reference to the execution of the note by her other than the bald fact that she signed it. If, as she now contends, she accommodated the plaintiff, the burden was on her to prove it and she did not sustain that burden when the only permissible finding that could be made upon the evidence is that she signed for the accommodation of her husband. *Neal* v. *Wilson,* 213 Mass. 336. *Tanners National Bank* v. *Dean,* 283 Mass. 151. *Waltham Trust Co.* v.

*Cincotta,* 293 Mass. 272.   *Leonard* v. *Woodward,* 305 Mass. 332.

The findings that there was "no present consideration for wife's signature" and that although she "signed the note there was no consideration to support same" are not decisive of the case.   If these findings mean that she received nothing of value for signing the note, such a fact alone would not exempt her from liability as a comaker.   The absence of any consideration between herself and her husband for the use of her name and credit for his benefit would not affect her liability as a comaker of the note even if the plaintiff at the time he took the note knew that she had gratuitously lent her name to her husband.   *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600.   *Everett Trust Co.* v. *Morris,* 262 Mass. 422. *Stoughton Trust Co.* v. *Pike,* 282 Mass. 39.   If the said findings are construed as meaning that no consideration moved from the plaintiff, then such findings cannot be supported upon the evidence and they are erroneous in point of law. It is enough if the payee gives consideration to the accommodated party for the instrument.   The taking of the note as security for or in payment of a "pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."   G. L. (Ter. Ed.) c. 107, § 48.  *Boston Steel & Iron Co.* v. *Steuer,* 183 Mass. 140.   *Lowell* v. *Bickford,* 201 Mass. 543.   *Owen Tire Co.* v. *National Tire & Rubber Co.* 242 Mass. 375.   *Banca Italiana Di Sconto* v. *Columbia Counter Co.* 252 Mass. 552.   *Beacon Trust Co.* v. *Barry,* 260 Mass. 449.   *Linsky* v. *Bay Machinery Co. Inc.* 266 Mass. 139.   *First National Bank* v. *Mathey,* 308 Mass. 108.   *Ahern* v. *Towle,* 310 Mass. 695.   The pre-existing debt owed by the husband to the plaintiff was sufficient consideration, and there was no necessity for any new or other consideration, such as forbearance to sue or an extension of time, in order to hold the accommodation maker liable.   *Neal* v. *Wilson,* 213 Mass. 336.   *Trustees of Baker University.* v. *Clelland,* 86 Fed. (2d) 14.   *First National Bank* v. *Allen,* 141 Ark. 328.   *First National Bank* v. *Malmquist,* 158. Minn. 140.   *Bank of Moberly* v. *Meals,* 316 Mo. 1158. *Lehrenkrauss* v. *Bonnell,* 199 N. Y. 240.   *Baird* v. *Herr,* 64

N. D. 572. *Buhler Co.* v. *Chidester*, 262 Penn. St. 130. *Wilbour* v. *Hawkins*, 38 R. I. 116. *Felt* v. *Bush*, 41 Utah, 462. *Ward* v. *Bank of Pocahontas*, 167 Va. 169. *West Rutland Trust Co.* v. *Houston*, 104 Vt. 204.

The judge in finding for the plaintiff against the husband must have found that the note was taken by the plaintiff for a valuable consideration, and the note, being a valid obligation of the husband, was likewise upon this record a binding obligation of the one who had accommodated him by becoming a comaker. *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 207. *Cosmopolitan Trust Co.* v. *S. Vorenberg Co.* 245 Mass. 317, 319. *Stoughton Trust Co.* v. *Pike*, 282 Mass. 39, 41.

The defendant wife is not aided by *Widger* v. *Baxter*, 190 Mass. 130, or *Lowell* v. *Bickford*, 201 Mass. 543. As pointed out in the second case, there was in the first case no debt due from the husband to the payee when the wife became an accommodating party to her husband's note, as the indebtedness of the husband had been discharged in insolvency proceedings. Here the defendant husband never received any discharge in bankruptcy. In the second case, whatever trace of forbearance there may have been in the promise of the creditor to forbear for a time the enforcement of payment of the original debt when the demand collateral note was given by the defendants — see *Wooley* v. *Cobb*, 165 Mass. 503; *Pelonsky* v. *Wattendorf*, 255 Mass. 558; *Starks* v. *O'Hara*, 266 Mass. 310 — the decision followed the general principle already mentioned and was right in holding the wife liable as an accommodation maker upon her husband's demand note taken as collateral for a preëxisting debt.

There was error in refusing the plaintiff's fourth request which in effect called for a ruling that, if the wife signed the note and the note was given for money lent by the plaintiff to the defendant husband, then "a good consideration for the wife's promise is shown." *Neal* v. *Wilson*, 213 Mass. 336. *Willard* v. *Greenwood*, 228 Mass. 549. *Nonotuck Savings Bank* v. *Norton*, 135 Maine, 92.

We need not consider whether the loan of the money to

the husband for the payment of expenses incurred by the operation of her farm in her behalf by him was in fact a loan to her. *Arnold v. Spurr,* 130 Mass. 347. *Reid* v. *Miller,* 205 Mass. 80. *Daw* v. *Lally,* 213 Mass. 578. *Smith* v. *Smith,* 313 Mass. 687.

The decision of the Appellate Division is reversed and judgment is to be entered against the defendant wife as well as against the defendant husband.

*So ordered.*