HERBERT JOHNSON *vs.* NETTIE FAVAZZA & another.

Essex.    February 8, 1950. — April 10, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Bills and Notes*, Consideration, Validity, Accommodation, Holder in due
    course.    *Mortgage*, Of personal property:  consideration, validity.
    *Fraudulent Conveyance.*

A promissory note and a mortgage of chattels of a partnership securing
    it, executed by two partners comprising the partnership and running
    to one who had lent money to one of the partners, the other partner
    signing for the borrower's accommodation, were supported by consid-
    eration and were valid and enforceable by the payee-mortgagee, who
    was prima facie a holder in due course of the note.
The mere fact, that, at the time of the execution and delivery by part-
    ners of a note and a mortgage of the chattels of the partnership to a
    creditor of one of the partners only, there were creditors of the part-
    nership, had no bearing in a proceeding involving only the validity of
    the note and the mortgage as between the partners and the payee-
    mortgagee.

BILL IN EQUITY, filed in the Superior Court on April 25,
1949.

The suit was heard by *Buttrick*, J.

*L. Albert*, for the defendant Favazza, submitted a brief.

No argument nor brief for the plaintiff.

SPALDING, J.  The principal objectives of this bill in equity
are to enjoin the foreclosure of a chattel mortgage, and to
cancel the mortgage and the note which it secured.  The
judge made a report of material facts under G. L. (Ter. Ed.)
c. 214, § 23, as amended.  The evidence is not reported.

Facts admitted in the pleadings and those found by the
judge are as follows:  On August 19, 1948, the plaintiff and
the defendant Messina formed a partnership to deal in gro-
ceries, meats and provisions for a period of three years.
Each partner was to invest $2,000 in the business.  About
the time the partnership was formed, Messina borrowed

$500 from his sister-in-law, the defendant Nettie Favazza, which he used to purchase canned goods and other articles. Later Nettie lent Messina $500 more. The business did not prosper and differences arose between the partners. On January 5, 1949, the partners and Nettie consulted a lawyer and asked him to draw a note for $1,000 secured by a chattel mortgage. The mortgage and note, which ran to Nettie as mortgagee, were executed by the partners as mortgagors. The mortgage embraced the stock in trade and fixtures used in the partnership business. Some time later, Messina, accompanied by some relatives and Nettie, entered the store where the partnership was carried on and took out canned goods, the value of which was between $250 and $500, and stored them in Messina's house. Foreclosure proceedings were then begun by Nettie. The judge found that "the note secured by the mortgage was not given for any present or future consideration but to secure Nettie . . . for the loan of $1,000 which she had made to Messina." He also found that at the time the mortgage was executed there were creditors of the partnership.

A decree was entered declaring that the note and chattel mortgage "were given without consideration and in fraud of creditors and are null and void." The decree further ordered the cancellation of the note and mortgage and permanently enjoined Nettie Favazza from foreclosing the mortgage. Nettie appealed.

Despite the declaration in the decree that the note and mortgage were in "fraud of creditors," the only basis for the decree is the finding that "the note . . . was not given for any present or future consideration but to secure Nettie Favazza for the loan of $1,000 which she had made to Messina." There are no other findings which have any tendency to show any infirmity in the note and mortgage. The decree must stand or fall on the findings of material facts. "A report of material facts under the statute must contain every fact necessary to support the decree, from the entry of which no fact not expressly found may be implied." *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass.

726, 727. We are of opinion that the material facts found here do not support the decree. The conclusion of the judge that the note was without consideration is inconsistent with the finding that the note and mortgage were given to secure Nettie for the loan of $1,000 which she had made to Messina. In accepting the note and mortgage as security for the pre-existing indebtedness she took them for value and no new consideration was required. G. L. (Ter. Ed.) c. 107, § 48. *Freeman* v. *Davenport Peters Co.* 272 Mass. 321, 324–325. *Blanchard* v. *Porter*, 317 Mass. 44, 46. Williston on Contracts (Rev. ed.) § 1146. Other findings taken in conjunction with averments in the bill, by which the plaintiff is bound (G. L. [Ter. Ed.] c. 231, § 87), disclose that the plaintiff signed the note for the accommodation of Messina. An accommodation maker "is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." G. L. (Ter. Ed.) c. 107, § 52. *Stoughton Trust Co.* v. *Pike*, 282 Mass. 39, 41. *Leonard* v. *Woodward*, 305 Mass. 332, 334. Nettie, although a payee of the note, was "prima facie" a holder in due course. G. L. (Ter. Ed.) c. 107, §§ 75, 82. *Karlsberg* v. *Frank*, 282 Mass. 94, 95. And there is nothing in this record tending to show the contrary. The finding that when the mortgage and note were given there were creditors of the partnership is of no materiality in the circumstances existing here. There are no findings that the partnership at any time here material was insolvent, and no rights of creditors are here involved. See *O'Gasapian* v. *Danielson*, 284 Mass. 27, 34. The only parties to this controversy are the plaintiff and the two defendants, and as between them the note and mortgage were valid. No contention has been made by the plaintiff that the mortgage was not in default when the foreclosure proceedings were begun.

It follows that the final decree is reversed and a new decree is to be entered dismissing the bill with costs.

*So ordered.*