Merrimack,
No. 4411.

Joseph F. Comolli *v.* Peter T. Lampesis.

Argued June 7, 1955.
Decided June 22, 1955.

*Orr & Reno* and *Malcolm McLane* (*Mr. McLane* orally), for the plaintiff.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the defendant.

Lampron, J. The defendant became a maker on the note as an accommodation to his brother James and it could be found to have been also at his request. *Leonard* v. *Woodward,* 305 Mass. 332. The consideration for the note, and an assignment not material here, was an advance of $2,200 made to James by the plaintiff. All of these facts were known to Comolli.

Under R. L., c. 366, s. 29, an accommodation maker "is liable on the instrument to a holder for value." The $2,200 advanced to James by Comolli constituted consideration or value to support

James' promise as maker as well as that of the defendant. *Johnson* v. *Favazza*, 325 Mass. 627; *South Side Window Frame Shop* v. *Parker*, (Ill. App.) 13 N. E. (2d) 863; Britton, Bills and Notes, 366. Defendant's liability would not be affected by the fact that Comolli "at the time of taking the instrument knew him to be only an accommodation party." *S.* 29. *Amodeo* v. *Allen*, 94 N. H. 370, 371; *Johnson* v. *Favazza*, *supra*; Britton, *Id.*, 367.

By signing the note as a maker defendant undertook to pay it according to its tenor and his obligation became primary and absolute the same as that of the ordinary maker of a note. R. L., c. 366, s. 191; *Stoughton Trust Co.* v. *Pike*, 282 Mass. 39.

Being primarily liable (*Cf. Merchants National Bank* v. *Lewis*, 86 N. H. 144) defendant was not entitled to presentment for payment or to notice of dishonor. R. L., c. 366, ss. 70, 89. *Bank Commissioners* v. *Trust Co.*, 70 N. H. 536, 538; *Schoenwetter* v. *Schoenwetter*, 164 Wis. 131; *South Side Window Frame Shop* v. *Parker*, (Ill. App.) 13 N. E. (2d) 863, *supra*. See *Dunning* v. *Dunning*, 300 N. Y. 341.

In view of the conclusion reached it is unnecessary to consider whether plaintiff as payee was or could be a holder in due course.

*Judgment on the verdict.*

All concurred.