*Southern District*

No. 9288

**ELVA A. LAGOUTTE**

v.

**JAMES E. BURNS**

*Present*: Nash, P. J., Cox and Callan, JJ.

Case tried to TAVEIRA, J., in the Third District Court of Bristol. No. 9288.

*Callan, J.* Action of Contract to recover the balance due on a promissory note with interest. The defendant's answer sets up a general denial, payment in full, want of consideration, termination by agreement, estoppel and settlement between the parties.

*There was evidence to support the following finding of facts*: On August 10th, 1953 the defendant and one Lambathas agreed to

buy the yacht, "Dutchess" from Yacht Cruisers', Inc. The agreement was signed by the plaintiff in behalf of the corporation as officer and majority stockholder.

On April 23rd, 1954 a bill of sale was executed by the corporation transferring one half interest in the boat to the defendant and one half interest to Lambathas, said bill of sale being duly recorded in the New London Customs Office. On June 7th, 1954, the defendant executed a negotiable promissory note for $1,800.00 to the plaintiff for the balance owed by him on his interest in the boat, said note being payable in monthly installments of $25.00 beginning July 1st, 1954. Payments on the note were made during July, Aug. and Sept. 1954. No money was paid by Lambathas either to the corporation or to the plaintiff as the transfer to him of a half interest was in consideration of the assistance, efforts and services he previously had rendered in behalf of the corporation for the plaintiff's benefit. The boat was considerably damaged in the hurricane of August 31, 1954, and on October 11th following it was sold to a new owner.

The plaintiff duly filed four requests for rulings all of which were granted. The defendant claims error in respect to the following:

3. A payee of a negotiable instrument may be a holder in due course.

4. A payee of a negotiable instrument who takes such instrument when it is complete and regular upon its face, before its maturity, in good faith and for value and without notice of any infirmity or defect in the instrument

or in the title of the one negotiating it, is a holder in due course.

The defendant duly filed fourteen requests for rulings. The first nine and also the 11th are requests for findings of fact and were properly denied. *Kravitz v. Lipofsky,* 294 Mass. 80. Defendant's requests Nos. 10, 12, 13 and 14 which were denied are as follows:

10. The conduct of the plaintiff estops her from maintaining this action and therefore the finding must be for the defendant.

12. The defendant dealt with Lambathas as the agent of the plaintiff.

13. There has been an accord and satisfaction by the plaintiff to the defendant and therefore the finding must be for the defendant.

14. Upon all the law and evidence the finding must be for the defendant.

The judge made special findings of facts and among others found that Lambathas was not an agent for the plaintiff nor for the corporation; that there was no accord and satisfaction, nor any settlement between the parties of the balance due on the note, and that the plaintiff was the holder in due course. A finding was made for the plaintiff. The defendant claiming to be aggrieved by the denial of his requests 1 through 14 and the granting of the plaintiff's requests Nos. 3 and 4.

The sole issue is whether the plaintiff was a holder in due course.

The note in question was not a joint one and there was a consideration for the note given by the defendant to the plaintiff. *Johnson v. Favazza,* 325 Mass. 627. G. L. c. 107,

§§47 and 48. The interest the defendant received in the boat was sufficient consideration.

■ Evidence of oral contemporaneous agreements was not admissible to contradict or vary the terms of the note, the same being unambiguous. *Wooley v. Cobb,* 165 Mass. 503; *Leonard v. Woodward,* 305 Mass. 332.

■ The plaintiff was *prima facie* a holder in due course. *Johnson v. Favassa,* Supra. G. L. c. 107, §82. At common law a payee of a negotiable instrument could be a holder in due course. The same is true under the Negotiable Instruments Act. G. L. c. 107, §75; *Macklin v. Macklin,* 315 Mass. 451.

The authorities are divided as to whether a payee may become a holder in due course. No useful purpose would be served to enumerate the citations. It is sufficient to say that in this Commonwealth beginning with the case of *Boston Steel & Iron Co. v. Steuer,* 183 Mass. 140, it has repeatedly been held that the payee may be a holder in due course. *Thorpe v. White,* 185 Mass. 333; *Liberty Trust Co. v. Tilton,* 217 Mass. 462; *National Investment & Security Co. v. Corey,* 222 Mass. 453; *Tremont Trust Co. v. Noyes,* 246 Mass. 197; *Karlsberg v. Frank,* 282 Mass. 94; *Russell v. Bond & Goodwin,* 276 Mass. 458; *Johnson v. Favazza,* 325 Mass. 627; *Gramatan Nat. Bank & Trust Co. v. Moody,* 326 Mass. 367.

We are not unmindful of the fact that in all these cases an intervening third party appeared who was either a party to the instrument such as a co-maker or endorser or

was not a party to the instrument but who acted as agent for the maker or endorser. While it has not been directly held so far as we can find in this Commonwealth in an action between the maker and the payee where no third party is involved that the payee is a holder in due course, we are of the opinion that the plaintiff payee is a holder in due course if the instrument was complete and regular on its face and received by her before overdue, in good faith and for value and if at the time it was negotiated to her she had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. G. L. c. 107, §75.

We cannot say that the judge was wrong in his finding that the plaintiff was a holder in due course. As such the plaintiff holds the note free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount against all parties liable thereon. G. L. c. 107, §80.

There was no error by the judge in his action on the plaintiff's request for rulings. From the evidence and the judge's findings there appears to be no error on his action on the defendant's requests No. 10, 12, 13 and 14.

It may be of interest to observe that in the Uniform Commercial Code to take effect in this Commonwealth on Oct. 1, 1958 (St. 1957, c. 765) it is provided in §3-302(2) that "a payee may be a holder in due course"

In the Uniform Law Comments contained in the footnotes it is stated "sub-section 2 is intended to settle the long continued conflict over the status of the payee as a holder in due course. This conflict has turned very largely on the word 'negotiated' in the original §52(4) which is now eliminated. The position here taken is that the payee may become a holder in due course to the same extent and under the same circumstances as any other holder. This is true whether he takes the instrument by purchase from a third person or directly from the obligor. All that is necessary is that the payee meet the requirements of this section."

There is no error and the report is dismissed. *So ordered.*

Philip Barnet, of New Bedford, for the Plaintiff.

Edward J. Harrington, Jr., of New Bedford, for the Defendant.