*Northern District*
No. 6028
**EVERETT FIRE DEPARTMENT
CREDIT UNION**
v.
**FRANCIS L. MITCHELL, JR.
AND OTHERS**

*Present*: Connolly, J. (Presiding) & Yesley, J.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex (Malden). No. 2164 of 1963.

*Yesley, J.* This is an action of contract to recover the balance of $325.00 due on a promissory note dated October 27, 1956. Defendant Joyce died and the action was discontinued as to him. Defendant Neal defaulted. Defendant Mitchell, hereafter referred to as the defendant, answered by way of general denial and set up affirmative defenses alleging lack of consideration, that the note was executed by him for the accommodation of the plaintiff, that no presentment or demand was made on him, and that the note was not "made in conformity with the by-laws of plaintiff or the law of the Commonwealth".

The trial judge found for the plaintiff. He denied defendant's requests numbered 1, 2, 3, 5, 6, 7, 8 and 13, and at the request of the defendant reported his action thereon to this Division. In argument before us, the defendant waived his appeal from the denial of his request #5.

The judge specially found that the note was executed by Joyce as maker and the defendant and Neal as co-makers, that the co-makers waived in the body of the note any rights of demand and notice, that Joyce made several payments on the note then defaulted leaving a balance due of $325.00, that the note was a re-write of a previous note given by Joyce, that no cash was received by any of the parties for the note in suit, and that no demand for payment was made on or notice of dishonor given to the defendant.

There was evidence that upon the delivery of the note in suit, Joyce's previous unpaid note was cancelled.

In his first three requests for rulings the defendant asked the court to rule that the note was ambiguous (request #1), that where there is a conflict between the written and printed provisions of the note the former prevail (request #2), that it was not clear from an examination of the note in what capacity the defendant signed same (request #3). The judge denied these requests, commenting as to #2: "there being no conflict".

■ The judge's treatment of these requests was free of error. The defendant signed the note on a line prefixed by the printed word "co-maker", immediately below a line on which Joyce signed as "maker". The defendant points out, however, that in the body of the note a space left for insertion of names before the printed words "as co-makers" was

left blank; whereas, in the space preceding the printed words "as principal", the name of "Charles H. Joyce" had been written in. This omission did not create an ambiguity or conflict or cast into doubt the capacity in which the defendant signed the note. His signature is opposite the word "co-maker"; nowhere in the note is anything written in or printed that contradicts that capacity, and nowhere is he described in any other capacity. In *LaCaisse Populaire Credit Union v. Cross,* 293 Mass. 190, cited by the defendant, the body of the note read" . . . . we Wilfred Aubin and Ovelina Aubin and ————— (left blank) promise to pay to (the Credit Union) . . . .". The note was signed by Ovelina and Wilfred Aubin and George J. Cross, on three separate lines. No words of description prefixed the signatures. The court held that (p. 193) "Read as a whole, including the signatures on the note as well as its text, the language of the instrument here sued upon is manifestly ambiguous." But there the combination of a space for a name left vacant and the presence below of a signature not previously mentioned in the body of the note nor described by any prefix, did create an ambiguity as to the capacity which such additional signature was affixed. In the case at bar, the defendant signed on a line prefixed by the word "co-maker".

The failure to insert the reference in the body of the note, also, left a vacuum but created no conflict or ambiguity.

Request #6 asking for a ruling that the defendant's liability "is no higher than that of an endorser" was properly denied in view of the finding that the defendant signed as a co-maker and of the ruling that there was no ambiguity or conflict as to that capacity.

Request #7 asked for a ruling that "(t)he evidence requires a finding that the plaintiff in the conduct of its business with respect to the note declared upon has violated its own by-laws and the provisions of G. L. c. 171, as amended". The defendant does not identify in his brief the particular by-laws which he contends were violated, although he refers in another connection to the by-laws which provide that no loan may be made to a member having an outstanding or unpaid loan nor without the approval of the plaintiff's Credit Committee. The short answer to this contention is that these by-laws were not violated. There was only one loan outstanding after the note in suit was given, the old note then being cancelled; and the loan application introduced into evidence shows approval by two members of the Credit Committee. Article VII, Section 3 of the by-laws provides that a quorum of the Credit Committee shall consist of not less than two members.

The statutory violations are stated in defendant's brief to be of provisions in sections 22 and 23 of chapter 171 of the General Laws. The violation of section 22 is stated to be "that the loan was made some five days before the Credit Committee approved it". The cited

section provides that "no personal loan shall be made unless all of the members of the Credit Committee who are present when the application is considered . . . . approve said loan." There was no finding that "the loan was made" prior to the approval thereof by the Credit Committee. In any event, the application shows approval by two members of the Credit Committee. The record does not disclose that any other members of the Committee were present when the application was considered. It was not shown that the requirements of the cited section were not complied with. The violation of section 23 is stated to be "that the obvious purpose of the loan was in violation of the plaintiff's own by-laws". The cited section simply requires that the purpose for which the loan is desired shall be stated in the application. A purpose was stated therein by the applicant Joyce, namely "real estate tax payment". This undoubtedly referred to the purpose of the original loan; it obviously could not relate to the new note since no new cash was furnished. In any event, the purposes of the by-laws and statutes, above referred to, would not be served by casting any blight on the note in suit by reason of any departure therefrom of the nature contended by the defendant. There was no error in the denial of request #7.

Request #8 asked for a ruling that "the evidence requires a finding that the plaintiff was not a holder in due course". We look to the applicable sections of G. L.

c. 107 as in effect prior to the repealing provisions of the Uniform Commercial Code since the note was executed prior to the effective date thereof. (St. 1957, c. 765, §§2 and 19). Under G. L. c. 107, §52, an accommodation party (as the defendant was found to be) "is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party". The plaintiff as the payee was *prima facie* a holder in due course. G. L. c. 107, §82; *Johnson v. Favazza,* 325 Mass. 627, 629. The taking of the note in payment of a pre-existing debt constituted value, *Blanchard v. Porter,* 317 Mass. 44, 46; *Johnson v. Favazza,* supra, page 629. The other conditions under which one must be taken to be a holder in due course, see G. L. c. 107, §75, were also clearly satisfied. The court's denial of this request for ruling was proper.

 Request §13 was for a ruling that a finding for the defendant is required. The defendant specified as the grounds upon which this request was based, his preceding requests for rulings. These requests have been dealt with and the treatment thereof by the court has disclosed no error. It is noted that the trial justice granted a request (♯9) to the effect that a finding was required that the defendant signed the note for the accommodation *of the plaintiff*. This was too favorable to the defendant. On the evidence as reported and the facts as found, the ruling was required

that the defendant lent his signature for the accommodation of Joyce, who was then indebted to the plaintiff and whose indebtedness was being re-written into a new note. *Blanchard v. Porter,* supra, p. 45; *Neal v. Wilson,* 213 Mass. 336.

*The report is dismissed.*

Sydney S. Rosen for the Plaintiff.

Francis C. Reynolds for the Defendant.